.RUSSELL *against* ALLEN.

One tenant in common of personal property cannot maintain replevin against
  the other to acquire its possession.[1]
And where one tenant in common brought replevin in the *detinet* under the
  Revised Statutes against the bailee of the other joint owner, and the property
  was taken and delivered to the plaintiff by virtue of the writ; *Held*, that
  the defendant was entitled to a verdict and judgment against the plaintiff
  for the full value of the property on waiving judgment for its return.

REPLEVIN for the wrongful detention of a quantity of
pork and lard, commenced about the first of May, 1848.
The property, by virtue of the writ of replevin, was taken
from the possession of the defendant by the sheriff and
delivered to the plaintiff. In the writ and declaration the
pork and lard were described and alleged to be the property
of the plaintiff. The defendant pleaded *non detinet*, and in a
notice accompanying the plea, stated that he would prove
on the trial, in bar of the action, that the pork and lard
were the property of the defendant and not of the plaintiff;
also that the same at the commencement of the action were
the property of one Hiram Slocum and not of the plaintiff.
  The cause was tried at the Erie county circuit, in 1849,
before Mr. Justice Sill and a jury. It was proved that in
December, 1846, one Nichols and one Holmes were the
owners of a lot of hogs as tenants in common and not as
copartners, which were taken to a mill owned by Nichols,
near Southport, Wisconsin, to be fattened. In June, 1847,
Nichols sold his mill to the plaintiff, and at the same time
he sold and delivered to the plaintiff the hogs, receiving
from him their full value which he, Nichols, appropriated
to his own use. At the time of this purchase the plaintiff
knew that Holmes was joint owner of the hogs with Nichols.
The plaintiff continued to keep and fatten the hogs till the

---

[1] *Davis* v. *Lottich*, 46 N. Y. 393.  *Robinson* v. *Gilfillan*, 15 Hun 267.  *Wal-
worth* v. *Abel*, 52 Penn. St. 370.

fall of 1847, when he slaughtered them and sent the pork and lard, being that in question, to Southport. Holmes there took possession of the pork and lard without the plaintiff's consent, claiming to be the owner of an undivided half, and sold and delivered it to Hiram Slocum, who shipped it, consigned to himself at Troy, N. Y., on board the defendant's vessel. While the property was on board the vessel at Buffalo, in transit to Troy, and immediately before the commencement of the suit, the plaintiff tendered to the defendant his freight and charges and demanded from him the property. The defendant refused to deliver it, and thereupon this action was commenced.

The plaintiff claimed, and gave evidence tending to prove, that when the hogs were taken to Nichols' mill to be fattened, in December, 1846, it was agreed between him and Holmes that Nichols might sell the hogs, and after paying himself for their keeping out of the proceeds, account to Holmes for one-half of the excess. The defendant, on the contrary, insisted and gave evidence tending to show that by the agreement between Nichols and Holmes, the former had no authority to sell the hogs, but that they were to be retained by him till fattened, when they were to be slaughtered and the pork and lard sold by the parties, and the proceeds divided between them.

The plaintiff's counsel requested the court to charge the jury: 1st, that if they should find for the defendant, he was not entitled to recover the whole value of the property replevied, but only the value of the interest therein which had belonged to Holmes; 2d, that the defendant was not entitled to recover the full value of the property at Buffalo. The court declined to so charge, and directed the jury that if they found for the defendant, they should assess the value of the property at Buffalo at the time it was taken from the defendant by virtue of the writ of replevin. The counsel for the plaintiff duly excepted to the refusal of the judge to charge as requested and to the charge as given. The

Russell *against* Allen.

jury rendered a verdict in favor of the defendant, and found the value of the property to be $769.30.

The plaintiff, on a bill of exceptions, applied to the supreme court in the 8th district for a new trial. The motion was denied, and the defendant having waived a return of the property, judgment was rendered in his favor against the plaintiff for its value as found by the jury. The plaintiff appealed to this court. There were some other questions made in this court, but none of general interest.

*J. L. Curtenius,* for the appellant:

The court erred in refusing to charge that if the jury should find for the defendant, he was not entitled to recover the whole value of the property replevied, but only the value of the interest which belonged to Holmes, and in charging the jury to find the full value at Buffalo of the property replevied. The defendant was a carrier, having received the goods as those of Hiram Slocum, who purchased with full knowledge of the plaintiff's right. Slocum's interest in the property, therefore, was only such as Holmes had; and defendant's liability to Slocum was limited to Slocum's interest. A recovery, therefore, to that amount would fully indemnify the defendant, avoid circuity of action, and do justice to all parties.

If the plaintiff had taken the property without any process, such would have been the measure of the recovery. (*Ingersoll* v. *Van Bokkelin,* 7 *Cow.,* 670, 681; *Spoor* v. *Holland,* 8 *Wend.,* 445.)

There is no justice, therefore, in allowing a recovery of the plaintiff's interest, and turning here round to an action against, perhaps, an insolvent.

The statute, authorizing the jury on the trial to assess the value of the property, is intended to avoid circuity of action, not to confer any new right, or change the law as to the amount to be recovered. It is to ascertain what sum will make the defendant whole, not what is the abstract

value of the goods. *De Witt* v. *Morris* (13 *Wend. R.*, 496), shows that the statute is not to be construed literally. It is only the actual interest of the defendant and his consignees in the goods, which should be allowed. (*Huggeford* v. *Ford*, 11 *Pick.* 222; *Russell* v. *Butterfield*, 21 *Wend. R.*, 300.)

*Jas. M. Smith*, for the respondent:

I. This being a possessory action, the court will only inquire whether the defendant had rightful possession, and if he had, will protect him in it, and leave other parties to the burthen of a litigation in which he has no interest. 1. This is the theory of the statutes on the subject of replevin. (2 *R. S.*, 531, §§ 53, 54, 55, 56, 57, 60, 62, 66.) 2. In this case the defendant had possession of the property as a common carrier, and received it from a general owner who had rightful possession of it. The defendant was therefore bound to retain it, and was accountable to Hiram Slocum for it. How could a judgment in this action protect him against his consignees, or the true owner of any part of the property? (*Gosling* v. *Higgins*, 1 *Camp. R.*, 451; *Jeremy on Carriers*, 66, 69; *Angell on Carriers*, §§ 337, 535.)

II. The defendant having the right to the possession of the property, settles the whole question. If he has the right of possession, the plaintiff had no right to take it away. The fact that the plaintiff may have been the owner of an undivided half of the property does not help him. The action of replevin was not intended, and cannot be used, for the division of undivided interests in personal property. The defendant here connects himself with the title of an owner in common with the plaintiff, and that is conclusive. (*Hart* v. *Fitzgerald*, 2 *Mass. R.*, 509, *and cases cited*; *Wright* v. *Bennett*, 3 *Barb.*, S. C. *R.*, 451, *and cases cited*.)

How can the plaintiff claim and take all the property from us, and failing to show his right to it, return us only one-half? (2 *R. S.*, 525, § 19; *also* §§ 30, 44, 48, 49, 50, 51 *and* 52.)

Russell *against* Allen.

GARDINER, C. J.   The judge instructed the jury to find the full value of the property replevied at Buffalo, if they should find for the defendant, and refused to charge that the recovery must be limited to the value of the interest of Holmes therein as part owner.   To this instruction and refusal the plaintiff duly excepted.   There are two answers to the objections to the charge and refusal: First.  Holmes, whom the defendant represented, as joint owner with the plaintiff, and in the lawful possession of the property, could not be deprived of that possession by the act, or any proceeding founded on the right of property in his co-tenant.   (2 *Mass. R.*, 509.) The defendant was therefore entitled to a judgment for the return of the property replevied, in order to reinstate him in the possession of which he had unlawfully been divested, by the writ issued at the instance of the plaintiff.   The statute " Of the action of replevin" provides "that the defendant, whenever he shall be entitled to a return of the property replevied, instead of taking judgment for such return, may take judgment for the value of the property replevied."   (2 *R. S.,* 531, §55.)   The cases to which we are referred by the counsel for the plaintiff, only prove that one having a special interest in property, cannot, as against the general owner or those claiming by his direction, recover more than the value of that interest.   (*Spoor* v. *Holland*, 8 *Wend.*, 445.)   In this case, however, the defendant is a carrier, and *prima facie* responsible to his consignee for the property in dispute, to its whole value.   The request for instructions assumes that the defendant represents the undisputed owners of one-half of it, with right to the possession of the whole.   If a return had been adjudged, he must have delivered the property according to the directions of his bill of lading, or paid its value. He is not, therefore, protected without a recovery equivalent to his responsibility over.

Second.  The jury were authorized to infer from the evidence, that by the agreement between Holmes and Nichols

either of the joint owners, after the hogs were fattened and killed, had the right to dispose of the whole property, accounting to the other for his share of the proceeds; that the sale made by Holmes to Slocum was in pursuance of this arrangement, and vested a title to all the property replevied in the latter. But, however this may be, upon the ground first suggested, we think there was no error in the instructions of the learned judge, or in his refusal to charge as requested by the counsel of the plaintiff.

The judgment of the supreme court must be affirmed.

DEAN, J. The plaintiff's claim in this writ of replevin was not based upon the theory that he was a joint owner or tenant in common, and therefore entitled to the possession of the whole, but that he was the entire and sole owner. Proceeding upon this theory, the plaintiff obtained, by virtue of his writ, the possession of the whole property. And as I understand that action, he must, as against the defendant, have been entitled to the entire possession or fail. The defendant, as a common carrier, was at the time bailee of the property from a purchaser, and the bailment had not terminated. It is well settled that one joint owner or tenant in common of chattels, cannot sell the whole property, but his undivided share only. It is as well settled that each joint owner is possessed *per my et per tout*, or of each parcel or share and of the whole, while tenants in common of chattels hold undivided portions of the property by several titles or in several rights; but their possession is in common and undivided. The sale, therefore, by Nichols to the plaintiff of the whole property, was unauthorized. He had a right to sell his own share only. The plaintiff, by this, perhaps, acquired only the interest of Nichols. After the hogs had been slaughtered and converted into pork and lard neither party, independently of an express or implied agreement, had a right to sell the whole. Holmes did, however, sell to Slocum and transferred to him the

Russell *against* Allen.

possession and right to the possession of the whole. The defendant, as his bailee, had all Slocum's right to the possession. Several questions might have been raised in this case, which would have made it one of difficulty and doubt. But as this is a bill of exceptions, only so much of the evidences is returned as is material to the points actually presented for decision.

The principal question is as to the measure of damages, the jury having found that the defendant, on the facts, had a right to recover.

The point raised by the requests and refusals to charge, as also by the charge itself, is this: Where a bailee has received property from one who is unquestionably at the time entitled to the possession, can another entitled to an undivided interest, in an action of replevin where he has claimed and taken the whole property from the bailee, failing in that, reduce the damages by showing his own title? It is not necessary to say what the rule would be now, where all the parties necessary to a complete determination of the controversy, may be brought before the court. But in an action of replevin under the statute as it existed prior to the Code, the statute itself regulated the recovery. (2 *R. S.*, 531, § 55.) The defendant, whenever he shall be entitled to a return af the property replevied, instead of taking judgment for the return of the property and damages for its detention, may take judgment for the value of the property replevied. It will not be contended that this was a proper action for a partition or division between tenants in common or joint tenants. The plaintiff did not ask for his share, but the whole. The defendant was entitled to the possession of the whole until a division between the parties. The plaintiff failed to sustain his claim, and consequently failed in his action. The defendant was therefore entitled to a return of the whole property, or at his election, to a judgment for the value. The rights of the several owners are to be settled in another action, and cannot be in this. It follows, that as one joint tenant or

tenant in common, has a right to the possession of the whole as well as each part, and as the defendant was the bailee of a person who had this right, that the detention was not illegal and that the plaintiff could not recover. The defendant being entitled to a return, must be placed where he was when the action was commenced, namely, in possession of the whole of the property, or have judgment for the value thereof.

The judgment should be affirmed.

JOHNSON, DENIO, CRIPPEN and MARVIN, JJ., were also for affirmance.

HAND, J., was of opinion that the defendant should have recovered only the value of the interest of Holmes in the property.

Judgment affirmed.