HENRY B. DAVIS, Appellant, v. DANIEL LOTTICH, Respondent.

One tenant in common, or joint owner, cannot maintain an action for the possession of personal property against his co-tenant.

If the co-tenant sells, or converts the property, he may have his action for damages, or hold his title with the purchaser. He cannot compel a delivery of the possession to himself of the whole property.

Plaintiff and C., being the owners of certain premises, upon which was a steam saw-mill, contracted to sell the same to T. By the contract, which was executed by the vendors only, T., was to acquire his interest, and was not to remove, or take away any of the machinery or property, until the whole purchase-price was paid. T., assigned the contract to K., and three others. Plaintiff and C. thereupon conveyed to K. an undivided one-fourth of the property upon his paying in full therefor. Defendant L., with the knowledge and consent of K., sold the engine and machinery to defendant I., and the same were removed from the premises with the intent of shipping them to Michigan. Plaintiff brings action to recover possession.—*Held*, that the conveyance to K., was not made in pursuance of the executory contract, and to the extent of the grant extinguished the conditions therein ; that it vested in him an absolute estate in fee,

and conferred upon him all the rights of a tenant in common; and that, as plaintiff could not maintain the action against K,, he cannot against defendants, who obtained their right to hold it through him.

(Submitted September 12th, 1871; decided November 10th, 1871.)

APPEAL from an order of the General Term of the eighth judicial district, reversing a judgment entered in Cattaraugus county in favor of plaintiff, upon the report of a referee, and granting a new trial.

The action is to recover possession of a steam engine and boilers, taken from the premises hereafter mentioned.

In October, 1865, the plaintiff and one Comstock were the owners in fee as tenants in common of fifteen acres of land, on which was located a steam mill with engine and boilers attached. On that day they executed to one Tallent an agreement, of which the following is a copy:

"For value received, we hereby agree with Alfred Tallent, that we will sell and convey to him by a good and sufficient warrantee deed, upon the conditions hereafter expressed, the following property situate in Olean, New York, to wit: The mill known as the Olean Lumber Company's mill, with all the machinery and appurtenances thereto pertaining, together with fifteen acres of land surrounding said mill and race; and also three dwelling-houses, one boarding house, one office, and the lower or western barn, situate on said land, together with the race and booms. This agreement is made upon the condition precedent, that we neither part with any title or interest in said property; nor does the said Tallent acquire any interest therein in law or equity, until or unless he pays unto us the sum of $20,000; $8,000 on the 14th day of November, 1865, $4,500 on the 23d of November, 1865, and the balance in six months from this date, with interest.

"It is understood that the said Tallent shall not remove and take away from said premises any of the machinery, or property located on said land, until he shall pay said purchase-money. It is further understood, that said fifteen acres of land shall be located according to the plat hereto annexed.

In case of failure to make said payment as aforesaid, this contract shall be null and void.

"Dated October 21st, 1865.

"H. B. DAVIS,

"J. K. COMSTOCK."

Tallent went into the possession of the property, and prior to the 15th of December, 1865, sold and assigned his interest in the said contract, to Kornaman, Applegate, Schomberg and Lottich. The interest of each assignee was one-quarter, and they went into possession of the property, and so remained in the possession until the property in suit was removed.

On the said 15th of December, 1865, the plaintiff and said Comstock conveyed to Kornaman, one of said assignees, an equal undivided one-fourth part of said land, machinery and appurtenances, under the said Tallent contract.

On the 8th of February, 1866, Comstock and wife sold and conveyed all of their remaining interest in the land and contract to the plaintiff. At the time of the conveyance to Kornaman, he paid up to the plaintiff and Comstock, the full one-quarter of the purchase-money, stipulated to be paid by the terms of the contract with Tallent.

After Comstock conveyed to the plaintiff, the latter commenced an action in the Supreme Court against Tallent, and all the assignees thereof, except Kornaman, and a judgment of sale and foreclosure of three-fourths of said land and appurtenances, and due and unpaid on said contract as fixed by the judgment, was $5,000.

In November, 1866, the defendant Lottich, with the knowledge and consent of Kornaman, Schomberg and Applegate, sold the engine and boiler to the defendant Jerome, and removed them from the premises, for the purpose, and with the design of moving them out of the State, and permanently separating them from the real estate. The plaintiff demanded the possession of the defendants, they refused, and this action was commenced. The property removed was part of the realty at the time of the delivery and sale.

The value of the property was fixed at $3,500. Judgment for the plaintiff, for return of the property and to collect in lieu thereof the value, $3,500.

*D. H. Bolles*, for appellant. If at time of the removal plaintiff had actual, or constructive and exclusive possession or right of possession, his action was well brought. (*Ely* v. *Ehle*, 3 Com., 506 ; *Beecher* v. *Bennett*, 11 Barb., 374 ; *Depew* v. *Leal*, 2 Abb. Pr. R., 131, 137 ; *Baker* v. *Hoag*, 3 Sel., 555 ; *Wheeler* v. *McFarland*, 10 Wend., 319 ; *Ingersol* v. *Van Bockkelin*, 7 Cow., 670 ; *Laflin* v. *Griffith*, 35 Barb., 58.) Tallent and his assignees entered under a simple license. This does not prevent reclaiming the property wrongfully severed from the estate. (*Suffern* v. *Townsend*, 9 John., 35 ; *Cooper* v. *Stevens*, 9 John., 331 ; *Ives* v. *Ives*, 13 John., 235 ; *Kellogg* v. *Kellogg*, 6 Barb., 116 ; *Spencer* v. *Tobey*, 22 id., 260 ; *Eggleston* v. *N. Y. and Harlem Railroad Co.*, 35 id., 162.) The execution of the deed to K. did not affect plaintiff's right of possession. (*Depew* v. *Leal*, 2 Abb., 131 ; *Beecher* v. *Bennett*, 11 Barb., 374 ; *Morris* v. *Whitcher*, 20 N. Y., 41 ; *Whitbeck* v. *Waine*, 16 N. Y., 532.)

*A. G. Rice*, for respondent. One tenant in common can not maintain action for possession against a co-tenant. (*Russell* v. *Allen*, 13 N. Y., 173 ; *Hunt* v. *Fitzgerald*, 2 Mass., 509 ; *Wright* v. *Bennett*, 3 Barb., 451 ; *Rogers* v. *Arnold*, 12 Wend., 30 ; *Prosser* v. *Woodward*, 21 Wend., 210 ; *St. John* v. *Sterling*, 2 Johnson, 468.)

CHURCH, Ch. J. One tenant in common, or joint owner, cannot maintain an action for the possession of personal property against his co-tenant. This action is a substitute for the action of replevin under the Revised Statutes. The plaintiff must be the owner of the property, or have a special property therein, which entitles him, as against the other party, to the possession of the property. A mere stranger cannot hold possession against a part owner, without connect-

ing himself with a person having some legal right to the possession. If he sells or converts the property, the co-tenant or joint owner may, at his option, have his action for damages for the conversion, or hold his title with the purchaser. He cannot be deprived of his property without his consent, or without redress; but he cannot compel a delivery of the possession to himself of the whole property, because his co-tenant has an equal right. These principles are well settled. (*Russell* v. *Allen*, 13 N. Y., 173; *Hart* v. *Fitzgerald*, 2 Mass., 509; *Wright* v. *Bennett*, 3 Barb., 451; *Rogers* v. *Arnold*, 12 Wend., 30.) Section 277 of the Code provides, that in such an action the plaintiff may have judgment for the recovery of possession, or the value thereof, in case a delivery cannot be had. The plaintiff must be entitled to possession for some purpose of the property; and if a delivery cannot be had, he is then entitled to the value thereof, which he will hold in lieu of the property. (13 N. Y., 173, *supra*.)

In this case, Kornaman united with the defendants in severing the property from the freehold, and selling it to Jerome; and the referee finds, that it was done with his express consent. The defendants, therefore, connect themselves with the title of Kornaman; and if the plaintiff is not entitled to the possession as against him, he is not against the defendants; and this depends upon the question, whether Kornaman held the title to the undivided fourth of the property, discharged from the conditions of the antecedent executory contract of sale, or subject to them. If the former, he was a tenant in common of the real estate with the plaintiff before severance; and a joint owner of that part of it severed and turned into personal.

In *Whitbeck* v. *Waine* (16 N. Y., 532), this court held, that the execution and delivery of a deed by a vendor, pursuant to an executory contract for the sale of land, a portion of the purchase-money remaining unpaid, and no fresh security therefor being taken, did not extinguish the contract in respect to a provision therein, for an increase or rebate of the

purchase-money, in proportion to the excess or deficiency which might exist in the land.

This was based upon the fact, that the conveyance was only a part performance of the contract; that the provisions in relation to securing the purchase-money remained unperformed, and the stipulation to pay for the excess, or rebate for the deficiency of land, remained in full force, and qualified the general terms of the deed.

In *Morris* v. *Whitcher* (20 N. Y., 41), it was decided, that a conveyance of land, given in pursuance of an executory contract, did not merge or extinguish a stipulation in the contract, that the vendor should retain possession of the premises, beyond the period when the conveyance was made; that the conveyance was a performance of the vendor's agreement, and the stipulation of the purchaser, to permit the vendor to remain in possession, might co-exist, if such was the intention of the parties, without any violation of legal principles; and the reasoning of COMSTOCK, J., with which I fully agree, conclusively establishes, that an agreement to convey does not extinguish other covenants which the parties intend shall remain operative. The intention of the parties is material, and is to be determined by the circumstances of each case. Where the conveyance is in pursuance of the contract, and is only in part performance, and is not necessarily inconsistent with other stipulations, it may be inferred, that the parties intended the latter to remain in force.

Although impressed with the equities of the plaintiff in this case, I am unable to bring it within the principle of the cases referred to.

In the first place, it is to be observed that this contract was executed by the vendor only. It is an agreement to sell upon certain conditions. The purchaser could only acquire title by complying with these conditions, but he made no express agreement to perform them. Kornaman and three others became assignees of the contract, and occupied the position of the original purchaser. One of the conditions was, that the vendor parted with no interest or title in the

premises; another was that the purchaser acquired no interest therein by the contract, either at law or in equity, until the whole purchase-money was paid; and then follows the provision, that no part of the machinery or property was to be removed. This provision added nothing to the security of the vendor, under the prior conditions. Under these the purchaser would clearly have had no right to the possession, or to interfere in any manner with the premises, until he paid the purchase-money. It might be claimed that the clause against removing property was an implied license to enter into possession.

At all events, it did not strengthen the force of the previous conditions. The receipt of one-fourth of the purchase-money, and the absolute conveyance of an undivided fourth of the premises, was not made in pursuance of the executory contract, but was a new contract materially varying the prior one. By the executory contract the vendor was to convey the whole premises upon receiving the whole consideration. He was under no obligation to receive a part, and convey a proportionate part of the premises. When he did this, it was in pursuance of a new contract. It must have been so, because the old contract provided for no such conveyance. This conveyance, therefore, must have its legal effect and operation, to vest in the grantee an absolute estate, in fee, to the premises granted, and to confer upon him all the rights of a tenant in common of the property.

To the extent of the grant, it extinguished the conditions, that the purchaser should have no legal or equitable interest; and that the vendor parted with no interest.

In these respects the conveyance must speak for itself. There was no reservation or qualification of the interest or title conveyed. It is conclusive evidence, of a new and different contract, from that contained in the antecedent agreement. It is, however, urged in the able argument of the counsel for the appellant, that the contract is still operative as to the removal of property, and that notwithstanding the deed, the plaintiff retained possession of the whole for the purpose of

enforcing his security. The clause in question did remain operative as to three-fourths of the property. As to that, the vendor clearly had a right to the possession as a tenant in common with Kornaman. The conveyance gave the latter no legal right to remove or convert the property; but that is not the point. The question is, whether the conveyance gave to the grantee the legal estate of one-fourth unencumbered, and the rights of an owner; and this is vital upon the right of the plaintiff to maintain this particular action. If the plaintiff intended, as·is claimed, to reserve possession of the whole premises, for the purpose of enforcing his security for the balance of the purchase-money, he should have reserved it in the deed. This was not only not done, but he conveyed it free from the lien of the balance of the purchase-money. And when he foreclosed, judgment was had only against three-fourths. It is impossible to uphold the plaintiff's views, without overturning familiar and important principles, respecting the legal effect and conclusiveness of written instruments. (*Stebbins* v. *Eddy*, 4 Mason, 414; *Smith* v. *Evans*, 6 Binney, 102; *Williams* v. *Hathaway*, 19 Pick., 387; *Howes* v. *Barker*, 3 J. R., 506.) Kornaman, therefore, became by the conveyance a tenant in common with the plaintiff of the real estate; and after severance of the property in question, they stood in the same relation to it as personal; and as the plaintiff could not recover in this action against him, he cannot against the defendants, who obtained their right to hold it through him.

The judgment must be affirmed.

All concur except PECKHAM, J., dissenting.

Order affirmed and judgment absolute for defendant.