ANDREW COSGRIFF et al., Respondents, *v.* WILLIAM DEWEY, Appellant.

TENANT IN COMMON — MUST ACCOUNT TO COTENANTS FOR ROCK QUARRIED AND SOLD. A tenant in common in possession of land, who, without the consent or authority of his cotenants, quarries rock therefrom and crushes and sells the same and converts the proceeds to his own use, must account to his cotenants for the value of the rock taken from the premises, since such rock is a part of the freehold, and, to the extent it is taken, operates as a diminution of the estate.

*Cosgriff* v. *Dewey*, 21 App. Div. 129, affirmed.

(Argued May 18, 1900; decided October 2, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 25, 1897, modifying and affirming as modified a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arthur S. Tompkins* for appellant. A tenant in common is not liable for rent or for the use and occupation or mesne profits of premises in the absence of an agreement to pay rent on an ouster of the cotenants by the one in possession. (*Kline* v. *Jacobs*, 68 Penn. St. 37; *Dresser* v. *Dresser*, 40 Barb. 300; 6 Lawson's Rights, Rem. & Pr. 4444; *Pico* v.

1

*Columbet,* 12 Cal. 414 ; *Everett* v. *Beach,* 31 Mich. 136 ; *Crow* v. *Mark,* 52 Ill. 332 ; *Chambers* v. *Chambers,* 3 Hawks, 232 ; *Woolever* v. *Knapp,* 18 Barb. 265 ; *Roseboom* v. *Roseboom,* 15 Hun, 309 ; *Zapp* v. *Miller,* 109 N. Y. 51.) In the absence of waste mesne profits cannot be recovered by a tenant in common against his cotenant unless the defendant was in wrongful possession. (15 Am. & Eng. Ency. of .Law [1st ed.], 386 ; *Wallace* v. *Berdell,* 101 N. Y. 13.) The defendant did not use or occupy more than his proportionate share · of the premises ; hence an action does not lie for use and occupation, or for mesne profits. (*Joslyn* v. *Joslyn,* 9 Hun, 388.)

*Irving Brown* for respondents. The plaintiffs are clearly entitled to maintain this action. (*McCabe* v. *McCabe,* 18 Hun, 153 ; *Abbey* v. *Wheeler,* 85 Hun, 230 ; *Muldowney* v. *M. & E. R. R. Co.,* 42 Hun, 444 ; *Scott* v. *Guernsey,* 48 N. Y. 106 ; *Cosgriff* v. *Foss,* 152 N. Y. 105.)

O'BRIEN, J. The parties to this action are tenants in common of a tract of mountainous land, the principal value of which consists of deposits of trap rock which is useful when manufactured into crushed stone.

The plaintiffs' interest is nine-sixteenths and the defendant's seven-sixteenths. From the pleadings and findings in the case it appears that the defendant was the tenant in possession, and that, without the consent or authority of the plaintiffs, his cotenants, he quarried large quantities of the trap rock, crushed the same and sold it at a large profit, without accounting to the plaintiffs for any part of the same. The purpose of the action was to compel such accounting and to procure a judgment against the defendant for the value of the stone removed from the land, beyond that proportion of the same that belonged to the defendant as one of the owners in common.

The trial court held that the plaintiffs were entitled to maintain the action, and a reference was ordered for the pur-

pose of ascertaining the value of the property taken by the defendant from the land and stating the account between the parties.

In the condition in which the record comes here the only question of law presented is the right of the plaintiffs to maintain the action. Of course it is well understood that one tenant in common, in possession of the entire estate, is not liable to his cotenants for the use of the common property, or to account to them for rents and profits, and if this case is governed by that rule the judgment in favor of the plaintiffs is manifestly erroneous. But it is equally clear that one tenant in common may maintain an action against his cotenant in possession for waste (Code, § 1656), or for damages for a sale or conversion of the joint property, if it be personal. (*Davis* v. *Lottich,* 46 N. Y. 393.) The term *waste,* when applied to a tenant in common, for life or for years, has a very extensive meaning. It includes the opening of new mines upon the land to procure and carry away metals, coal, gravel, stone or the like. So taking away the soil is waste, even though the purpose is to convert it into bricks for sale, and it has been held that a tenant in common who quarries stone from the common property is guilty of waste. So, also, is the taking of petroleum by one of the joint owners from the common property. Waste need not consist of loss of market value. It may be an actionable injury in the sense of destroying identity. The cases and authorities on this subject will be found collected in a recent work. (Rawle's Bouv. Law Dic. vol. 2, p. 1216.)

The stone which the defendant quarried and converted to his own use was a part of the freehold and, therefore, was the common property of all. It was not, in any proper sense, the product of the land, but was part of the land itself. It did not represent the use of the land or the rents and profits, but to the extent that it was taken by the defendant operated as a diminution of the estate. If the defendant had taken valuable timber from the land and sold it or converted it into lumber, there is no doubt, we think, that he would be liable

to account for its value to his cotenants. The act of taking timber and the act of taking stone, whether it be trap rock or marble, cannot be differentiated so far as the question of waste is concerned. Whether the stone which the defendant quarried upon the land and converted to his own use be considered personal property or part of the realty, he was bound to account to his cotenants for their proportion of its value. (*Knobe* v. *Nunn*, 151 N. Y. 506 ; *McCabe* v. *McCabe*, 18 Hun, 153.)

We think that the judgment must be affirmed, with costs.

Parker, Ch. J., Gray, Haight, Martin, Landon and Werner, JJ., concur.

Judgment affirmed.