FRANK RICHARDS ABBEY, Appellant, *v.* JEROME B. WHEELER, Respondent, Impleaded with Others.

1. APPEAL — COSTS — DOUBLE APPEAL. Costs will be allowed against appellant on the dismissal of one of two appeals from the same judgment on two separate records which present the same question, although it was taken from an abundance of caution to make certain of the hearing of the question upon one record or the other and to settle a doubtful question of practice and the appellant is successful on the other appeal.

2. JUDGMENT OF REVERSAL DIRECTING FINAL JUDGMENT — ENTRY BY SPECIAL TERM. A judgment of the General Term reversing a judgment of the Special Term on demurrer and holding the demurrer well taken and directing a final judgment unless the plaintiff should amend within a certain time does not, when perfected by entry of a final judgment dismissing the complaint on failure of the plaintiff to amend, become a final and actual determination by the General Term upon the issue raised by the demurrer appealable to the Court of Appeals; but the proper mode of bringing the question to the Court of Appeals is by an appeal through the Appellate Division from the judgment so entered.

3. ACCOUNTING — TENANTS IN COMMON — MINING CLAIMS. An action by one tenant in common of mining lands for an accounting may be maintained against a cotenant who has taken possession of the subject of the tenancy, the value of which consists substantially if not entirely in the mineral deposits, and extracted therefrom and sold such deposits, thus depleting the property for his own exclusive benefit, since the action is not in any proper sense one to recover for use and occupation or for rents and profits or annual products, but for the part of the estate itself which the cotenant has taken and carried away.

*Abbey* v. *Wheeler*, 85 Hun, 226, appeal dismissed.
*Abbey* v. *Wheeler*, 58 App. Div. 451, reversed.

(Argued January 30, 1902; decided February 25, 1902.)

APPEAL from a final judgment entered November 30, 1900, upon an order of the General Term of the Supreme Court in the first judicial department, made March 15, 1895, which

reversed an interlocutory judgment of the Special Term overruling a demurrer to the complaint and sustained such demurrer.

Also, appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1901, which affirmed a final judgment dismissing the complaint entered upon an order of the General Term sustaining a demurrer thereto upon appeal from an interlocutory judgment of Special Term overruling such demurrer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles D. Cleveland* and *Harry W. Hayward* for appellant. The plaintiff was justified in perfecting both appeals for more abundant caution and costs should not be imposed upon him. (*Leonard* v. *Barnum*, 168 N. Y. 41.) The court has jurisdiction of the subject of this action. (*Cosgriff* v. *Dewey*, 164 N. Y. 1.) The complaint states but one cause of action, and there is no misjoinder of causes of action. (Code Civ. Pro. § 447.) The plaintiff states facts sufficient to constitute a cause of action. (*Hubbell* v. *Medbury*, 53 N. Y. 98; *Potter* v. *Potter*, 8 Civ. Pro. Rep. 150.) It was error to grant an additional allowance to the defendant Wheeler. (*Weaver* v. *Ely*, 83 N. Y. 89; *Coleman* v. *Chauncey*, 7 Robt. 578; *Parish* v. *Produce Exchange*, 54 App. Div. 323; *Deuterman* v. *Gainsborg*, 54 App. Div. 575; *Genet* v. *D. & H. C. Co.*, 19 Civ. Pro. Rep. 82; *Opitz* v. *Hammen*, 41 App. Div. 468.)

*Eugene Frayer* for respondent. An appeal lay to this court from the final judgment of November 30, 1900. (Code Civ. Pro., §§ 190, 1324.) No appeal lay to the Appellate Division from the judgment of November 30, 1900. (Code Civ. Pro., §§ 1336, 1346–1350.) The plaintiff should be held here to the claim made by him in the courts below. (*Snider* v. *Snider*, 160 N. Y. 151; *People ex rel. v. Dalton*, 159 N. Y. 235.) The court has no jurisdiction of the subject

of the action. (*People* v. *Columbet*, 12 Cal. 414; *Marvin* v. *Brooks*, 94 N. Y. 71.) Causes of action were improperly united. ( *Wiles* v. *Suydam*, 64 N. Y. 173; *Matter of Straut*, 126 N. Y. 201; *McKenzie* v. *Hatton*, 9 Misc. Rep. 16.) The complaint does not state facts sufficient to constitute any cause of action in favor of the plaintiff against the defendant Wheeler. (Code Civ. Pro. § 2712; *Monroe* v. *Douglass*, 5 N. Y. 447; *Matter of Straut*, 126 N. Y. 211; *W. R. R. Co.* v. *Nolan*, 48 N. Y. 513; *Talbot* v. *King*, 40 N. Y. 76; *Savage* v. *Benedict*, 73 N. Y. 12; *Masterson* v. *Townshend*, 123 N. Y. 458.)

O'BRIEN, J. The only question presented by the pleadings in this case was the sufficiency of the complaint. It was met by a demurrer on the part of the defendant Wheeler, which raised the question whether it contained a statement of facts sufficient to constitute a cause of action. The Special Term held that it did, but the General Term, then existing, held that it did not and so reversed the Special Term and gave the plaintiff leave to amend. The plaintiff did not amend, however, but suffered final judgment to be entered dismissing the complaint upon proof that he failed to avail himself of the permission to amend.

But the appeal comes here now in such a questionable form that we are obliged to decide other questions than those raised by the demurrer. The merits of the controversy are obscured by questions of practice, somewhat in the nature of experiments, which we are required to solve, and which if the counsel had in some way solved for themselves would be a great relief to the court. The plaintiff brings two appeals to this court from the same judgment upon two separate records, both presenting the same question, namely, the sufficiency of the complaint. It is admitted that one or the other of these appeals must be dismissed, but we are left practically to find out for ourselves which appeal was properly taken and which record we are to review. We cannot perceive from the elaborate briefs presented by the learned counsel for the

plaintiff that they have yet come to any definite conclusion on the question, except to insist that whatever we do with one or the other of the appeals, it should be without costs to the plaintiff. The two appeals, it is said, were taken for abundant caution and in order to make it certain that the plaintiff could be heard in this court upon one record or the other. Why the plaintiff should be relieved from the costs of such an experiment is not very clearly perceived. If the practice was so doubtful as to justify two appeals as a matter of precaution, the law ought not to be settled at the defendant's expense.

On the 15th of December, 1900, the plaintiff appealed to this court from the final judgment dismissing the complaint. This appeal, I think, is regular. It brings up the final judgment and the interlocutory judgment, and, therefore, brings up all questions decided upon the issue on the demurrer. The fact that the complaint was dismissed long after the General Term had passed upon the question at issue, and upon motion showing the default in another court, is of no importance. The judgment was entered upon the direction and by the authority of the General Term and, therefore, was a final and actual determination of the action in that court within the fair meaning of the statute. The Special Term decided nothing, but was a mere instrument to execute the judgment which the reviewing court had already pronounced. (*Adams* v. *Fox,* 27 N. Y. 640; *Stevens* v. *Cent. Nat. Bank,* 162 id. 253; *Johnson* v. *Union Switch & S. Co.,* 125 id. 720; *Elwell* v. *Johnson,* 74 id. 80; *Smith* v. *Rathbun,* 88 id. 660.)

It is true that the judgment of the General Term, reversing the judgment and holding that the demurrer was well taken, could not be reviewed here as matter of right until final judgment was entered. An appeal here before that event or before the proceedings had reached that stage would have been premature. But the General Term directed a final judgment unless the plaintiff should amend within a certain time, and he failed to avail himself of the favor, so the final

judgment already directed was then formally entered and when entered became the actual determination of the General Term, the same as if that court had not given leave to amend, but had simply dismissed the complaint. Hence, the judgment of reversal, when so perfected, was appealable to this court as the final and actual determination of the General Term upon the issue raised by the demurrer. It may be added that the final judgment bears no evidence upon its face that it was rendered at Special Term. So far as the record shows it was entered by the clerk as upon default.

On April 8th, 1901, the plaintiff brought a second appeal from the judgment of the Appellate Division affirming the final judgment, treating that as a judgment of the Special Term upon the default. It is obvious that the court below in entertaining the plaintiff's appeal from this final judgment could decide nothing except what it had decided before, and, hence, was practically reviewing one of its own judgments. The appeal to that court from the final judgment was, therefore, unnecessary and unauthorized, since it had already directed upon the former appeal that unless the plaintiff elected to plead over his complaint should be dismissed, and it was dismissed, and this judgment of dismissal was the judgment of the General Term and not the judgment of the Special Term. The latter court only followed the directions of the former and decided nothing with respect to the question at issue raised by the demurrer.

But it is not necessary to enlarge this opinion by a discussion to show that the second appeal was improper. It is quite sufficient to say that since the first appeal was regular the second cannot be, as there is no authority for two concurrent appeals from the same judgment by the same party upon the same question. Nor is it a reasonable or tenable view of such a case to hold that before a party can be heard in this court on the question of law raised by the demurrer, that question must be passed upon twice in the court below. The second appeal in this case is founded upon this theory. It should be observed that the case of *Leonard* v. *Barnum* (168 N. Y. 41)

differs widely from this, since in that case the General Term gave no direction for final judgment. In this case it did, and, as before remarked, when that direction was carried out it became and was the judgment of the court that gave the direction, although it was entered in another branch of the same court where the record was filed and the formal motion made.

This brings us back to the question raised by the demurrer, and we think it was correctly decided at the Special Term. The complaint, we think, does state a cause of action against the demurring defendant. When a complaint is met by a demurrer on the ground that no cause of action is stated, the question always is, assuming every fact alleged to be true, whether enough has been well stated to constitute any cause of action whatever. If the facts alleged in the complaint justify a recovery, either at law or in equity, it cannot be held that the demurrer is well taken, although the pleading may be open to correction by motion or otherwise. It may be that in this case the facts are not stated in the complaint with that precision and in the logical order that is said to be requisite or desirable in good pleading. But there are facts enough alleged to entitle the plaintiff to a hearing in a court of justice. The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so averred are traversable in the same manner as though directly and explicitly stated. (*Zabriskie* v. *Smith*, 13 N. Y. 330; *Marie* v. *Garrison*, 83 id. 14, 23; *Sanders* v. *Soutter*, 126 id. 193; *Sage* v. *Culver*, 147 id. 241.)

The plaintiff was an infant, and by his guardian *ad litem* brought the action against Wheeler, the principal defendant, the other party named as defendant, so far as appears, having taken no part in the litigation. The complaint states the following facts: (1) That the plaintiff's father died in this state in January, 1884, leaving a last will and testament, by which he devised and bequeathed to the plaintiff the residue of his estate after the payment of debts; that the will was thereafter proved and established before the surrogate as a valid

will of real and personal property. (2) That the testator was at the time of his death the owner in fee of one undivided fifth part of a piece or parcel of land in the state of Colorado, known as the "Emma Mining Claim," and was the owner of an undivided two-thirds part of a lease for one year, from November 20th, 1883, of the remaining undivided four-fifths of said mining claim, and that one Nevitt was the owner of the other undivided third part of said lease. (3) That on or about the tenth day of March, 1884, the defendant Wheeler became the owner in fee of the said undivided four-fifths of said mining claim, subject to the said lease, and that in May following he, by some arrangement with Nevitt, the exact nature of which is unknown to the plaintiff, took possession of the mining claim and worked the mine thereon, and thereafter took and removed from said mine a large quantity of mineral, amounting to the value of upwards of seven hundred thousand dollars, and sold the said mineral and received therefor for the plaintiff's use upwards of two hundred and fifty thousand dollars, and that said defendant, although duly requested, has failed and refused to account to the plaintiff for the moneys so as aforesaid received by him for the plaintiff's use, and has wholly refused and failed to transfer to the plaintiff any portion thereof. (4) The complaint then alleges the appointment of a guardian *ad litem* by the court, and demands judgment that the defendant Wheeler account for the mineral taken from the mine and pay to the plaintiff his proportion thereof, or for such other or further relief as may be just. These facts admitted by the demurrer entitle the plaintiff to relief of some kind. It may very well be that the interest of the testator in the lease was personal property and passed to his executor under the will, so that the plaintiff would not be entitled to maintain any action in his own behalf based upon any right accruing under the lease. But it will be seen that the plaintiff also alleges an interest in the realty with the defendant. He claims to be owner under his father's will of an undivided one-fifth part of the mine. The rule of the common law, which protects a tenant in common in possession of the estate from an action by his cotenant

to recover for use and occupation, or rents and profits, or annual products, has no application to this case. The question in this case is whether one tenant in common, who has taken possession of the real property, the subject of the tenancy, the value of which consists, substantially, if not entirely, in the mineral deposits, can extract all the mineral and thus deplete the property for his own exclusive benefit without any liability whatever to account to his cotenant for the spoliation. The complaint in this case states that the defendant has severed from the estate, and appropriated to his own use, the minerals which constitute its principal value, and, hence, the action is not in any proper sense to recover for use and occupation, or for rents and profits, or annual products, but for a part of the estate itself which the defendant has taken and carried away. We think that the right of the plaintiff to maintain an action under such circumstances against the defendant is no longer open to question in this court. (*Cosgriff* v. *Dewey*, 164 N. Y. 1; *Knope* v. *Nunn*, 151 id. 506; *Cosgriff* v. *Foss*, 152 id. 105; *McCabe* v. *McCabe*, 18 Hun, 153; *Davis* v. *Lottich*, 46 N. Y. 393; Code, § 1656.)

The case of *Marvin* v. *Brooks* (94 N. Y. 71–80) decides nothing adverse to this view. In that case it was held that an action for an accounting was maintainable upon the facts. It is true that the learned judge who gave the opinion, after reviewing several authorities, which were found to be somewhat conflicting, stated certain principles which he considered as established by the best review of the authorities. The discussion of the question, with respect to the circumstances under which an action for an accounting may be maintainable, is not open to any criticism whatever, but what was said upon that subject does not necessarily exclude the right to maintain an action upon the facts disclosed by the present record. The question in that case did not rest, as it does here, upon a demurrer, where all the facts are admitted, but upon a decision of a referee in favor of the defendant. It was evidently decided in that case at the trial that the plaintiff could not maintain the action, but this court reversed the judgment and

9

granted a new trial. It would, I think, be difficult to show how the decision in that case is at all adverse to the right of the plaintiff to maintain this action.

My conclusion, therefore, is that the second appeal should be dismissed, with costs in all courts, that the judgment of the General Term should be reversed upon the first appeal and that of the Special Term affirmed, with costs, but with leave to the defendant to answer within twenty days upon payment of costs. But my brethren, while agreeing with me upon the merits, do not agree with me in regard to the question of practice. They think that the reversal with costs should be upon the second appeal, and that the first appeal should be dismissed, with costs.

GRAY, MARTIN, VANN, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., not sitting.

Ordered accordingly.