---

### In re COOK'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1908.)

1. APPEAL—DECISION AS LAW OF THE CASE ON SUBSEQUENT APPEAL—CONCLUSIVENESS.

Where an appeal, taken from an order of the Surrogate's Court in a proceeding to determine the amount of an inheritance tax upon legacies of the parties, is prosecuted to final determination in the Court of Appeals, questions which were determined, or which might have been determined, on such appeal cannot be raised by one who was a party thereto on a subsequent appeal in the same proceeding.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4358–4368.]

2. SAME—POWER TO ALTER AFTER APPEAL TO UPPER COURT.

    After a decision of the surrogate has been passed upon on appeal there-from by the Court of Appeals, he has no power to alter it except as authorized by the decision of that court.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4661–4665.]

    Williams, J., dissenting.

Appeal from Surrogate's Court, Monroe County.

Proceedings by A. M. MacDonell, an executor of Frederick Cook, for an appraisal of the estate of the testator for the purpose of determining the amount of the transfer tax thereon. From an order of the Surrogate's Court, the Comptroller of the State appeals. Reversed.

See 50 Misc. Rep. 487, 100 N. Y. Supp. 628.

This proceeding was commenced on the 19th day of December, 1905, by filing in the Surrogate's Court of Monroe county the petition of A. M. MacDonell, one of the executors of the will of Frederick Cook, deceased. Such petition requested that an appraisal of the estate of the testator should be made, to the end that the amount of the transfer tax payable thereon might be determined. Pursuant to such petition the surrogate made an order appointing an appraiser. Thereafter, upon notice to all parties interested, the matter was heard before such appraiser. On the 16th day of April, 1906, said appraiser filed his report, and by such report determined the amount of the estate, and fixed the percentages thereon which should be paid under the inheritance tax law. An appeal was taken from such report to the surrogate, but was in all things confirmed. Then an appeal was taken from the order of the Surrogate's Court to the Appellate Division, and such report was in all things confirmed, except that it was determined by the Appellate Division that the transfer tax upon the residuary estate should be modified by taxing the same at 1 per cent. instead of 5 per cent., as provided in the decree of the surrogate. From such determination of this court an appeal was taken by both parties to the Court of Appeals, and that court reversed the determination of this court, and held that the residuary estate should be taxed at 5 per cent., but that the legacy of Frederick Cook MacDonell should only be taxed at the rate of 1 per cent., and the judgment or finding of the surrogate was directed to be modified in that respect. Such order of the surrogate was so modified, and judgment was entered accordingly. It is now insisted that because of an appeal taken by Frederick Cook MacDonell subsequent to the time of the appeal taken, which went through the Appellate Division and the Court of Appeals, his rights may be determined de novo.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William T. Plumb, for appellant State Comptroller.
Charles Van Voorhis, for respondent.

McLENNAN, P. J. It would seem plain that every question raised upon this appeal by the respondents was decided adversely to them by the Court of Appeals in the decision to which attention has been called. The whole question as to the inheritance tax which should be allowed upon the legacies of the parties to that appeal was before that court and presumably it determined all such questions and the rights of all the parties in the premises. It does not seem to me in accordance with the proper administration of justice that such question should be sought to be reviewed by a subsequent appeal taken by one of the parties who was a party to the appeal taken to the court

of last resort.    Abbey v. Wheeler, 170 N. Y. 122, 62 N. E. 1074; Thompson v. Taylor, 13 Hun, 201.    The principle is stated by Mr. Nichols in the latest work on New York Practice, in which he says (section 2528) :

"An appeal cannot be taken from a judgment or order by piecemeal, i. e., separate appeals cannot be taken from different parts of a judgment or order. A fortiori, there is no authority for two concurrent appeals from the same judgment by the same party on the same question."

The rights of the respondent here, Frederick Cook MacDonell, were presumably passed upon and determined by the Court of Appeals upon the former appeal to which he was a party, and we think it entirely inconsistent with the rules of practice or the proper administration of justice that after having prosecuted such appeal to final determination in the Court of Appeals he should be now heard to raise any of the questions which were there determined, or which might have been determined, upon such appeal. We also conclude that the surrogate had no power or authority to change or alter the decision formerly made by him, except as was authorized by the decision of the Court of Appeals.    We are of the opinion that any right or interest of a party, which is involved in an appeal to the Court of Appeals, should be regarded as conclusively fixed and established by the decision of such court, and that it is not competent for an inferior tribunal to review such determination by a subsequent appeal taken in such action or otherwise.

We conclude that the decision of the surrogate should be reversed, with costs to the appellant, and that the motion to dismiss the appeal subsequently taken by Frederick Cook MacDonell should be granted, with costs as against him.

Decree of Surrogate's Court reversed, with costs, and motion to dismiss appeal, taken on the 5th of June, 1906, granted, with $10 costs, and matter remitted to the Surrogate's Court for its further action thereon.    All concur, except WILLIAMS, J., who dissents.