GENEVA–SENECA ELECTRIC CO. v. ECONOMIC POWER & CONSTRUCTION CO. et al.

(Supreme Court, Appellate Division, Fourth Department.    March 29, 1910.)

COURTS (§ 237*)—JURISDICTION—COURT OF APPEALS.

Code Civ. Proc. § 1336, declares that when final judgment is rendered in the trial court after affirmance on an appeal to the Appellate Division from an interlocutory judgment, or after the refusal by the Appellate Division of a new trial, the party aggrieved may appeal direct from the final judgment to the Court of Appeals. *Held*, that where a demurrer to the complaint for want of facts was sustained, and an interlocutory judg-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

ment affirmed by the Appellate Division, appellant was entitled to appeal direct to the Court of Appeals from the judgment entered on such affirmance in the trial court, and on such an appeal the decision of the Appellate Division is reviewable if notice of an intention to review it is given in the notice of appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 237.*]

Action by the Geneva-Seneca Electric Company against the Economic Power & Construction Company and another. A demurrer to the complaint for want of facts was sustained (120 N. Y. Supp. 926), and plaintiff moves for leave to appeal to the Court of Appeals. Denied.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE and ROBSON, JJ.

Lansing G. Hoskins, for the motion.
Bissell & Riley, opposed.

McLENNAN, P. J. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained. From the interlocutory judgment sustaining the demurrer the plaintiff appealed to this court, where the said judgment was affirmed on January 12, 1910. The appellant now asks leave to appeal to the Court of Appeals from such judgment of affirmance.

We cannot agree with the appellant in saying that an appeal may not be taken direct to the Court of Appeals from the judgment of the Special Term, sustaining the demurrer and dismissing the complaint, which was entered subsequent to and in pursuance of the judgment of affirmance of this court. The matter is provided for in section 1336 of the Code of Civil Procedure. The case of Abbey v. Wheeler, 170 N. Y. 122, 62 N. E. 1074, referred to by the appellant, simply holds that, where the Appellate Division reverses such an interlocutory judgment, the respondent must after entry of judgment in the court below appeal to the Appellate Division, take an affirmance, and then appeal to the Court of Appeals. But it is distinctly stated in Dieterich v. Fargo, 194 N. Y. 359, 87 N. E. 518, 22 L. R. A. (N. S.) 696, at the bottom of page 362 of 194 N. Y. (87 N. E. 518, 22 L. R. A. [N. S.] 696), and again in McNamara v. Goldan, 194 N. Y. 315, 319, 87 N. E. 440, that, where the Appellate Division affirms such an interlocutory judgment, the appellant may appeal direct to the Court of Appeals from the judgment entered upon such affirmance in the court below. Upon such an appeal, the decision of the Appellate Division may be reviewed, provided notice of intention to review it is given in the notice of appeal.

For this reason, the motion should be denied, with $10 costs. All concur.