# CHARLESTON

COFFINDAFFER *et al v.* HOPE NATURAL GAS CO.

Submitted March 3, 1914.   Decided April 14, 1914.

1. MINES AND MINERALS—*Lease—Description.*

   If two descriptions in a lease are inconsistent, one describing the land leased as bounded "substantially" by certain named adjoining landowners, and the other by reference to a previous deed to

74 W. Va.

the lessor, which describes it by definite lines and corners, the latter description will prevail. (p. 109).

2. Same—*Rights of Lessee.*
A person, having the right to go upon another's land, "to bore and develop said land for oil and gas with the necessary usual and convenient rights" therefor, has the right to build a road over the land when necessary to haul machinery and material to the place selected for drilling a well. (p. 110).

3. Same—*Mining Lease—Liability of Lessee.*
But if, after building the road, he abandons the contemplated exploration for oil and gas, before drilling a well, he is liable for injury to the land, caused by the building of the road, notwithstanding the landowner has no interest in the oil and gas under his land. (p. 110). '

(Lynch, Judge, absent.)

Error to Circuit Court, Harrison County.

Action by Mary R. Coffindaffer and others against the Hope Natural Gas Company. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*A. B. Fleming, Charles Powell,* and *Kemble White,* for plaintiff in error.

*Ernest D. Lewis,* for defendant in error.

Williams, Judge:

The Hope Natural Gas Company was granted this writ of error to a judgment for $104.25, recovered against it in an action for damages caused to plaintiffs' lands by building a road over it for the purpose of hauling material for a rig and drilling machinery and appliances, preparatory to drilling an oil or gas well thereon. After completing the road and hauling its material upon the land, but before drilling, defendant decided not to drill at that place, and removed its material off the land.

Plaintiffs own the surface of the land in fee, subject to defendant's mining rights, but have no interest in the oil and gas thereunder. Both parties hold their respective titles from J. C. Bartlett and David L. Hall as a common source. They granted the surface to plaintiffs, who are husband and wife,

in 1900, reserving the oil and gas and "the right to go upon said land to bore and develop said land for oil and gas with the necessary usual and convenient rights for said oil and gas development." They later made a lease to the South Penn Oil Company, defendant's assignor, for the oil and gas under what plaintiffs admit to be eighteen acres of their land, but which defendant claims is the whole of it, together with the mining rights which they had retained. J. I. Coffindaffer, one of the plaintiffs, admits in his testimony, that the building of the road was necessary in order to get the material 'for the rig to the place desired,' and that the work was carefully done.

One ground of complaint is, that the road was built across a portion of plaintiffs' surface which was not covered by defendant's lease, and that its right to use the surface was confined to the bounds of its lease. Plaintiffs' surface contains twenty-one acres. The deed to them from Bartlett and Hall describes it by metes and bounds, and also as, "being the same land conveyed to J. C. Bartlett by Lewis C. Lawson, Special Commissioner, by deed bearing date March 23rd, 1898," and refers to the deed book and page where said deed is recorded. The twenty-one acres is composed partly of land originally owned by Abraham Coffindaffer and partly of land owned by J. I. Coffindaffer, and plaintiffs contend that the lease covers only the land which Abram Coffindaffer had owned. This contention rests upon a general description of boundary in the lease which names adjoining landowners. The lands of J. I. Coffindaffer are given as the eastern boundary, and the quantity of land as "eighteen acres more or less." It is argued that it is necessary to exclude from the lease three or four acres of plaintiffs' surface land on the east, which came out of the J. I. Coffindaffer estate, in order to make the eastern boundary coincide with the description, that there is no J. I. Coffindaffer land on the east of the whole twenty-one acre tract. It is also contended that the purpose not to lease the whole tract is further shown by naming the quantity leased as eighteen, instead of twenty-one acres. This contention is untenable in view of another and more certain description in the same lease. The lease further described it as, "all that certain tract of land." There is no evidence

that the eighteen acres ever constituted a separate tract. When Abram Coffindaffer and J. I. Coffindaffer died, they left common heirs, and, in making partition amongst them, the lines dividing the lands of the two estates were disregarded, and the twenty-one acres was laid off as the share of one heir, and is composed of lands taken from both estates. When plaintiffs acquired the surface there was no fence or marked line on the ground dividing the tract into separate parcels, and it does not definitely appear from the evidence just where the line of division actually is. But there is a definite location of lines by reference to another deed. After bounding the leased premises "substantially", by naming adjoining lands, the lease proceeds to describe it as, "being the same land conveyed to first party by Lewis C. Lawson, Special Commissioner, by deed, bearing date March 23rd, 1898." That deed conveys the whole twenty-one acres by metes and bounds which coincide with the boundaries in the deed from Bartlett and Hall to plaintiffs for the surface. Reference to that deed was made for the purpose of description, and, being more certain than the other and more general description which was apparently considered as only "substantially" correct, it must control. *Goad v. Walker,* 73 W. Va. 431, 80 S. E. 873; *Crim* v. *O'Brien,* 69 W. Va. 754; *South Penn Oil Co.* v. *Knox,* 68 W. Va. 362.

That the commissioner's deed was made to J. C. Bartlett, instead of to both the lessors, as the words of the lease import, is not material. The name and official character of the grantor, the date when made, the general location of the land, and the fact that one of the lessors is the grantee, are circumstances which identify it as the deed referred to. After getting his deed from the commissioner, Bartlett conveyed an undivided half interest in the tract to Hall.

This brings us to the principal question in the case, which is this: Is defendant liable for injury to plaintiffs' land caused by building the road, admittedly in a careful manner, because it abandoned its purpose to drill after making preparations therefor? When Bartlett and Hall conveyed the surface to plaintiffs, they reserved to themselves, their heirs and assigns, the oil and gas, and "the necessary usual and convenient rights for the development" thereof. These

rights passed from them to the South Penn Oil Company, and were assigned to this defendant. As a necessary incident to the enjoyment of its lease, it had the right to enter upon plaintiffs' land for the purpose of exploring for, and producing oil and gas. The building of the road was necessary to enable it to haul material for its rig and tools and machinery for drilling, and it is admitted that the road was carefully constructed. It is also admitted that the road injured plaintiffs' land, by causing it to wash when it rained. But counsel for defendant insist that, inasmuch as it had a right to build the road and was not guilty of negligence in building it, there is no liability; that plaintiffs, having no interest in the oil and gas, can not complain because defendant did not drill a well; that defendant acted in good faith in deciding not to drill and hauling its material off the land; that it is no more liable than if it had actually completed a well on the land; and that the facts present a case of *damnum absque injuria.* The question is novel, and we find no authority directly in point and none is cited in brief of counsel. The principle is will established that injury necessarily inflicted in the exercise of a lawful right does not constitute liability. The injury must be the direct result of the commission of a wrong. 1 Suth. on Dam., Sec. 3, (3rd ed.). If defendant did no wrong it is not liable, notwithstanding the injury. But the right to entry upon plaintiffs' land was given for the purposes of exploring for, and producing oil and gas if any was found. The right is confined to these purposes and can not be exercised for any other purpose. Defendant made preparation to explore for oil and gas, but abandoned its purpose before exploring. The only way of prospecting for those minerals is to drill down into the earth's stratum which usually contains them. Defendant did not do this, and, strictly and technically speaking, it can not be said to have been exercising a right under the terms of its lease. Although it entered on the land in good faith in the first place, its later abandoning its purpose to drill, makes it technically a trespasser *ab initio,* and liable to plaintiffs in damages. Its good faith does not relieve it from liability. It was bound to restore plaintiffs' land in a reasonably good condition when it withdrew from it, or respond in damages.

That J. I. Coffindaffer, one of the plaintiffs, was employed by defendant to assist, and did assist, in making the road does not affect his right. He is not thereby estopped to complain of the injury. He had a right to assume that defendant was building the road for the purpose of actually prospecting for oil and gas, which it had a right to do.

The judgment is affirmed.

*Affirmed.*