# CHARLESTON.

ANDREW SQUIRES AND MILAMS FORK SMOKELESS COAL LAND COMPANY *v.* RICE LAFFERTY AND MARTIN LAFFERTY.

Submitted October 16, 1923.    Decided January 9, 1924.

1.  MINES AND MINERALS—*Owner of Minerals May Use Surface of Land Necessary for Enjoyment of His Right.*

    The owner of the mineral underlying land possesses as incident to this ownership the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate.   (p. 309).

2.  SAME—*Injunction Lies to Prevent Surface Owner of Land from Obstructing Mineral Owner in Right to Use Surface.*

    Injunction lies to prevent the surface owner from resisting and obstructing the mineral owner in the exercise of such use of the surface.   (p. 310).

Appeal from Circuit Court, Wyoming County.

Suit by Andrew Squires and another against Rice Lafferty and another.   From a decree dissolving a temporary injunction, plaintiffs appeal.

*Reversed, and temporary injunction perpetuated.*

*J. Albert Toler,* for appellants.

LITZ, JUDGE:

The plaintiffs by their bill allege that H. P. Brooks, being the owner in fee of 137 acres of land situated on the waters of Guyan river, in Wyoming county, by deed of August 23, 1913, conveyed to Jackson Lafferty "the surface" of 31 acres thereof, reserving and excepting "the privilege and right of mining all mineral under said surface"; and Jackson Lafferty and wife, by deed of September 21, 1916, conveyed

to the plaintiff, Andrew Squires, 27.95 acres of the 31 acres of surface.

That by deed of February 23, 1914, H. P. Brooks conveyed to H. G. McGraw "the surface only" of another portion of the 137 acres, as containing 65 acres; that H. G. McGraw and wife, by deed dated March 2, 1917, conveyed to Goodall Lafferty and Mary Lafferty 5 acres of the 65 acres surface; and that Goodall Lafferty and Mary Lafferty, by deed of March 15, 1920, conveyed 4 acres of the 5 acres surface to defendant Rice Lafferty, who thereafter by deed of April 7, 1920, granted the same to the defendant Martin Lafferty.

That by deed of November 15, 1915, H. P. Brooks conveyed all the coal, oil, gas and other minerals in, on and underlying the entire 137 acres, together with mining rights and right-of-way, to C. H. Meade, who thereafter, by deed of February 19, 1917, conveyed the same to the plaintiff, Milam's Fork Smokeless Coal Land Company.

The plaintiffs further allege that they own in severalty, adjacent to the 137 acres, large boundaries of coal and mineral lands, and acting together, on the 23rd day of June, 1922, entered into a contract agreeing to lease to one, John Laing, and associates certain portions of their respective coal and mineral lands, including the 137 acres, for the purpose of mining and removing coal from what is known as the "Sewell" seam, the lessees being given the right to test, by drilling, the thickness of this seam of coal before electing to accept the lease; that in the course of the drilling to be done for that purpose it will be necessary to put down test holes on the 137 acre tract; that the machinery and equipment necessary for drilling on this tract must be transported over a road leading from the public highway across the 4 acres surface tract, but that defendants have by threats and acts of violence against the employees of plaintiffs prevented the plaintiffs from so using such way.

The judge of the circuit court of Wyoming county, in vacation, August 22, 1922, awarded a temporary injunction as prayed for in the bill, enjoining and restraining the defendants Martin Lafferty and Rice Lafferty, their agents, servants and employees, from further hindering, delaying or interfer-

ing with plaintiffs, their agents, servants and employees, "in the drilling of said test holes, and particularly in transporting the machinery, equipment and men used and employed in doing said drilling, over and across said 4 acre tract".

The answer of defendants, filed in open court October 13, 1922, avers that plaintiffs have no right of passage over the 4 acres of land, but denies that defendants have by intimidation or otherwise prevented or interfered with plaintiffs' exercise of such right. It also avers that there are other ways convenient to plaintiffs, and that they have already completed their drilling operations on the 137 acres and removed from the premises all machinery and equipment.

It appears from the evidence that after plaintiffs had moved part of their drilling machinery over the road across the 4 acres tract for the drilling on the 137 acres, defendant barred the way by locking the gate to its entrance; and when plaintiffs forced a passage, one of defendants assaulted the plaintiffs' employee in charge of the work. It is further proven that no injury will result to defendants from such use of the road by plaintiffs.

Upon the bill and its exhibits, the answer and general replication thereto, and depositions taken and filed for the plaintiffs and defendants, the court entered its decree, October 10, 1922, wholly dissolving the injunction. From that decree the plaintiffs obtained this appeal.

There being no question or contention as to ownership by the plaintiff, Milams Fork Smokeless Coal Land Company, of the coal underlying the entire 137 acres, it has also as incident to this ownership, the right to use the "surface" of the land in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate. *Porter* v. *Mack Manufacturing Co.*, 65 W. Va., 636; *Marvin* v. *Brewster Iron Mining Co.*, 55 N. Y. 538; 14 American Reports 322; 27 Cyc. 688; Baringer and Adams Mines and Mining, p. 576; Snyder on Mines, Secs. 1100, 1114.

This rule is based upon the principle that when a thing is granted all the means to obtain it and all the fruits and effects of it are also granted. The use of the surface here involved is not only a reasonable burden to the surface owner, but is

fairly necessary in the development and operation of the coal.

We are of opinion that the remedy sought is proper. Injunction lies for one owning minerals in land to prevent the surface owner from unlawfully resisting and obstructing the legitimate use of the surface by the mineral owner in the development of the minerals. *Porter* v. *Mack Manufacturing Co.,* cited. The decree of the circuit court will therefore be reversed and the temporary injunction against the defendants perpetuated.

*Reversed and temporary injunction perpetuated.*