ANDREW ADKINS

*v.*

UNITED FUEL GAS COMPANY

(No. 10259)

Submitted Sept. 26, 1950. Decided Oct. 17, 1950.

*Bernard J. Pettigrew, Claude E. Goodwin,* for plaintiff in error.

No appearance for defendant in error.

LOVINS, PRESIDENT:

This action of trespass on the case was brought in the Circuit Court of Lincoln County, West Virginia, by An-

drew Adkins, the owner of the surface of a 50-acre tract of land, against United Fuel Gas Company, a corporation, the defendant, owner of the oil and gas underlying said land, for the purpose of recovering damages allegedly caused by defendant drilling a gas well on such land. A trial by jury was had, resulting in a verdict and judgment in the sum of three hundred and fifty dollars, and defendant brings the action to this Court by writ of error.

Samuel Eddy was the owner of the surface and minerals of a tract of land containing one hundred seventy-seven acres, which included the tract now owned by plaintiff. In February, 1899, he conveyed the surface of said land to Louis Fry, with the following reservation: "Reserving, however, to the said party of the first part, being Samuel Eddy, the absolute ownership and control of all minerals, oils, natural gas, salt brine, and the right to mine for the same, and the rights of way over, through and under said lands, with wagon, rail or tramroads for the purpose of transportation, subject to the right of the party of the second part to mine all coal upon said premises required for his domestic use."

It is stipulated that after the severance of the minerals and surface, the title to fifty acres of the surface was and is now vested in the plaintiff, and that the title to the minerals, with appurtenant rights as above stated, was and is now vested in the defendant. The record does not disclose the mesne conveyances by which plaintiff and defendant acquired their respective titles.

A well was located near the center of the 50-acre tract of land in the month of December, 1947. Drilling of the well was actually started May 6, 1948, and was completed on or about July 21, 1948. The plaintiff seems to have used a portion of his land to grow alfalfa, corn and vegetables. Defendant constructed a road over a portion of the land approximately six hundred fifty feet in length, grading the road by means of a bulldozer; constructed through the corn and alfalfa fields a ditch approximately two hundred fifty feet long for the purpose of carrying the water and other refuse from the well; constructed a

ditch in which a gas pipe was laid; and installed a pipe on the surface of the land for the purpose of piping gas to the place of drilling for the operation of the machinery used in drilling the well.

Testimony in behalf of plaintiff shows that considerable water, oil and refuse were deposited on his garden, which was close to the well drilled by defendant.

Defendant shows that the gas pipe laid on the surface of the land was removed; that the ditches in which the permanent gas pipe was buried and through which the sand, water and other refuse were drained, were refilled after the completion of the well; that the debris had been removed from the ground around the well; and that very little, if any, oil was left on the garden.

Plaintiff shows that about three-tenths of an acre of the crop of alfalfa was destroyed; that approximately seven-tenths of an acre of such alfalfa could not be cut and was thus lost to plaintiff; and that the corn land could not be plowed, because of the open drainage ditch.

It is shown by defendant's evidence that although the ditch was dug through tillable land, such land could have been cultivated with a minimum of inconvenience and labor.

At the request of the defendant the Judge of the trial court propounded the following question to the jury panel: "Do any of you gentlemen own the surface to land only wherein others own the minerals?", to which question thirteen of the jurors answered in the affirmative. Thereupon, defendant, out of the presence of the prospective, jurors moved the court to discharge those who had answered in the affirmative, because they were disqualified. This motion was overruled.

Defendant contends: (1) That the thirteen jurors were disqualified and should have been discharged; (2) that the court erred in admitting, over objection, improper testimony offered by plaintiff, and in refusing to admit proper testimony offered by defendant; (3) that the

evidence is insufficient to sustain a verdict, and that the court should have directed a verdict for the defendant; (4) that the evidence offered by plaintiff does not show negligence on the part of the defendant; and (5) that defendant in drilling and operating the gas well on plaintiff's land did not exceed its rights as the owner of the gas underlying such land.

The disposition of this case on this writ of error renders an extended discussion of some of plaintiff's contentions unnecessary.· The determination of defendant's contentions with reference to the admission and rejection of evidence and concerning proof of the quantum of damages are not decisive.

But we deem the contention relative to qualifications of prospective jurors of sufficient importance to call for some discussion.

The right of a litigant to have a finding of fact by unbiased jurors acting without prejudice cannot be doubted, if trials by juries are to continue as an integral part of our system of jurisprudence. The minds of prospective jurors should be "wholly free from bias or prejudice, * * * for or against either party in civil cases." *State* v. *Hatfield,* 48 W. Va. 561, 37 S. E. 626. But does the fact that thirteen of the jury panel owned the surface of lands from which the title to the minerals has been severed disqualify them? No statutory basis for disqualification of these jurors has been pointed out. We do not think the fact that members of the jury panel were the owners of the surface of real estate and in the same relative position as plaintiff would engender any bias or prejudice in their minds. It may be that extended questioning of jurors would have disclosed the existence of bias or prejudice, but, according to the record, no further questioning of the prospective jurors was had. We conclude that there is no merit in the contention of the defendant that thirteen of the prospective jurors were disqualified by reason of their ownership of the surface of lands in which others owned an estate in the minerals. We likewise regard the point

relative to the qualifications of prospective jurors indecisive of the governing issue here presented.

The record in this case may be searched in vain for any evidence of negligence by defendant in the drilling and operation of its gas well on plaintiff's land. So far as disclosed by this record, the operations of the defendant in drilling the well were conducted with all the care and precaution required in operations of similar character.

The controlling question in this case is whether defendant in drilling and operating the gas well on plaintiff's land exceeded its rights as the owner of the gas underlying such land, thereby invading the rights of plaintiff. The defendant under the admitted reservation in the deed from Eddy to Fry was the owner of real estate which is a part of the land. *Preston* v. *White,* 57 W. Va. 278, 50 S. E. 236; *State* v. *Estep,* 115 W. Va. 55, 61, 175 S. E. 350. There were two estates in the 50-acre tract, the surface being owned by plaintiff, and the oil, gas and other minerals being owned by defendant; and the owner of the surface had no right to prevent such use of the surface as was reasonable and necessary for the production and transportation of gas. *Porter* v. *Manufacturing Co.,* 65 W. Va. 636, 64 S. E. 853. Although oil and gas are fungaceous and vagrant in character, an estate therein may be severed from the surface. See *Sult* v. *A. Hochstetter Oil Co.,* 63 W. Va. 317, 61 S. E. 307. We recognize that there is a division of authority on this question, but this jurisdiction is in accord with the majority rule. See note 20 A. L. R. 586, *et seq.,* and 146 A. L. R., 800 *et seq.*

The defendant had the right to build a road if the same was reasonable and necessary for the production and transportation of gas. *Coffindaffer* v. *Gas Co.,* 74 W. Va. 107, 81 S. E. 966. "The owner of the mineral underlying land possesses as incident to this ownership the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate." *Squires* v. *Lafferty,* 95 W. Va. 307, 121 S. E. 90. See 36 Am. Jur., Mines and Minerals, Sections

177, 179. For a logical and instructive discussion of the relative rights of the owners of surface and the owners of minerals, see *Williams v. Gibson* (Ala.), 5 Am. St. Rep. 368. It may be said at this point that we do not think that whether the plaintiff's rights have been invaded, or whether the defendant has exceeded its rights are questions of fact for determination of the jury. In a case where there is a dispute of fact, the jury should find the facts, and from such finding of facts by the jury it is the duty of the court to determine whether the use of the surface by the owner of the minerals has exceeded the fairly necessary use thereof, and whether the owner of the minerals has invaded the rights of the surface owner, and thus exceeded the rights possessed by the owner of such minerals.

There was nothing done which was unnecessary or unreasonable in the construction of the road to bring machinery in to drill the defendant's gas well. Likewise the laying of the pipe line over the surface of the land is not disclosed to have been unnecessary. The construction of the open ditch for draining sand, water and other refuse from the well during the drilling thereof seems to have been an effort on the part of defendant to prevent the spreading of such sand, water and refuse over the adjacent surface of plaintiff's land, and, therefore, was a minimization of damages.

There is some dispute in the evidence with reference to the extent of the dispersion of oil on the garden of plaintiff; but the record shows that the garden was planted after the drilling of the well was commenced, and there is nothing unusual about dispersion of oil or oily water from a well producing gas.

From all the evidence in this case, about which there seems to be little dispute, we can see no violation of the rights of plaintiff, nor can we perceive that defendant exceeded its rights in drilling a gas well on the 50-acre tract of land owned by plaintiff. True, plaintiff suffered damages: he was deprived of a garden, of the land occupied by the ditches and the surface pipe, as well as the

use of at least one acre of his alfalfa and corn which he might have produced from his land. But when he bought the land, he bought it subject to the rights of the owner of the minerals, who by virtue of owning such minerals also possessed the rights necessary to produce and transport the same as an incident to such ownership. The damages to plaintiff are *damnum absque injuria.* See *Coffindaffer* v. *Gas Co., supra; Drummond* v. *Fuel Co.,* 104 W. Va. 368, 140 S. E. 57.

We conclude that it was error to overrule the motion to direct a verdict for defendant. See *Ritz* v. *City of Wheeling,* 45 W. Va. 262, 31 S. E. 993.

Therefore, the verdict is set aside and a new trial awarded defendant. There having been no demurrer to the evidence, we remand the case to the Circuit Court of Lincoln County for a new trial. *Koblegard* v. *Maxwell,* 127 W. Va. 630, 34 S. E. 2d 116. The judgment of the Circuit Court of Lincoln County is reversed, the verdict set aside, and a new trial awarded.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*