**Mickey L. MILLER and Patricia A. Miller, Plaintiffs,**

v.

**N.R.M. PETROLEUM CORP., Defendant.**

**Civ. A. No. 82–229–E.**

United States District Court, N.D. West Virginia, Elkins Division.

Sept. 8, 1983.

David Jividen, Boyd Warner and Scott Wilson, Clarksburg, W.Va., for plaintiffs.

F.T. Graff, Jr., Geo. A. Patterson, III, Bowles, McDavid, Graff & Love, Charleston, W.Va., for defendant.

## ORDER

MAXWELL, Chief Judge.

This civil action was removed from a State circuit court and federal court subject matter jurisdiction is based on diversity of citizenship. Plaintiffs allege they are owners of surface land totaling 62.64 acres situated in Valley District, Barbour County, West Virginia. The 62.64 acres consist of two contiguous tracts of approximately 25 acres and 38 acres with a private road first traversing the 25-acre tract and continuing into the 38-acre tract. The defendant, N.R.M. Petroleum, is alleged to be the lessee of the oil and gas under both tracts.

It is alleged that N.R.M. Petroleum desired to drill an oil and gas well on the 38-acre tract and requested a right of way across the 25-acre tract from the plaintiffs. Negotiations were conducted between the parties without success. The defendant then declared a unitization of the two properties in question and thereby asserted the right to cross the first tract for the purpose of developing oil and gas on the entire pool.

Plaintiffs have moved to have a question of oil and gas property law certified to the West Virginia Supreme Court of Appeals. W.Va.Code §§ 51–1A–1 to –12. The question is "whether or not an oil and gas lessee may use the surface of a particular tract in connection with the operations on other tracts which have been unitized or pooled with the subject tract."

Certification is a discretionary function and should be utilized with re-

straint, and the mere difficulty of ascertaining local law does not appear to be an adequate reason for remitting the parties to a state tribunal. *Lehman Brothers v. Schein,* 416 U.S. 386, 390–391, 94 S.Ct. 1741, 1743–44, 40 L.Ed.2d 215 (1974). *See Boyter v. Commissioner,* 668 F.2d 1382 (4th Cir.1982). Factors to be considered in deciding whether to certify include the closeness of the question; the existence of sufficient sources of state law to permit a principled conclusion; the degree to which considerations of comity are relevant; and the practical limitations of the certification process, such as the delay inherent in beginning another proceeding. *Florida ex rel. Shevin v. Exxon Corp.,* 526 F.2d 266 (5th Cir.), *cert. denied,* 429 U.S. 829, 97 S.Ct. 88, 50 L.Ed.2d 92 (1976).

■ It would appear that Plaintiff is correct in asserting that the proposed question has not been exactly decided by the Supreme Court of Appeals of West Virginia. Under cases decided before the Legislature passed the oil and gas "pooling" or "unitization" statutes, W.Va.Code §§ 22–4A–1, et seq., it was held that a mineral lessee has the right to use the surface land in developing the premises for gas and oil. *Coffindaffer v. Hope Natural Gas Co.,* 74 W.Va. 107, 81 S.E. 966 (1914). However, it was also held (before the 1975 pooling statutes) that the reasonable use doctrine does not allow the use of surface tracts in connection with production of minerals from other tracts of land. *King v. South Penn Oil Co.,* 110 W.Va. 107, 157 S.E. 82 (1931). Matters concerning surface owner rights following passage of the pooling statutes were discussed in *Devon Corp. v. Miller,* 280 S.E.2d 108 (W.Va.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982). The precise question proposed here was not in issue.

It appears the majority rule in other jurisdictions would hold that pooling grants the right to use the surface of any tract in the drilling unit to produce gas or oil from the pool. *Gulf Oil Corp. v. Deese,* 275 Ala. 178, 153 So.2d 614 (1963), *Miller v. Crown Cent. Petroleum Corp.,* 309 S.W.2d 876 (Tex.Civ.App.1958), *Annot.* 53 A.L.R.3d 16, § 8(a) (1973). The Court finds persuasive the interpretation of the Alabama pooling statute relied upon in *Deese,* 275 Ala. at 182, 153 So.2d at 618, and notes its similarity with the West Virginia legislation. The purpose of pooling statutes in both states is to promote conservation of oil and gas and to ensure a ratable return on production equal to the amount of recoverable mineral in that part of a pool underlying each tract in the unit. W.Va.Code §§ 22–4A–1 and –2(a)(17).

Pooling recognizes that oil and gas found at so-called deep strata is so situated that one well may efficiently drain a rather large area of land, and that the establishment of drilling units may permit the sharing of resources and prevent the waste of requiring each tract owner to drill a well in order to enjoy his or her minerals. *See* W.Va.Code §§ 22–4A–1, et seq. A natural correlative notion to unitization or pooling is that minerals are being produced from under each separate surface tract of land included in a drilling unit regardless of whether a well is actually drilled on every tract or not. It seems only reasonable that the surface area of each tract in a pool should be available for use in connection with the construction and operation of a well, as long as the use is reasonably necessary.

In deciding the question presented, the Court believes consideration should be given to legislation passed since this civil action was filed. Wright, Miller & Cooper, Federal Practice and Procedure § 4507 (1982). As part of new legislation designed to require notice of drilling activities to surface landowners and impose reclamation duties upon operators, the West Virginia Legislature enacted a new statute codified at Code § 22–4–1m during the 1983 regular session. The new law requires an applicant for a well work permit to notify the following persons:

(1) The owners of record of the surface of the tract on which the well is, or is to be located; *and*

(2) The owners of record of the surface tract or tracts overlying the oil and gas leasehold being developed by the proposed well work, if such surface tract is to be utilized for roads or other land disturbance as described in the erosion and sediment control plan submitted pursuant to section one-k of this article.

W.Va.Code § 22–4–1m(a) (emphasis supplied). The new passage contemplates surface disturbance on adjacent tracts within a drilling unit or pool and thereby furnishes a positive answer to the question proposed for certification.

The section quoted above is but a small portion of new legislation aimed at regulation of the oil and gas industry which was enacted in 1983. When the new law is considered together with existing statutes, it must be said that the West Virginia Code provides an elaborate system of defining the respective rights of all citizens having an interest in oil and gas production—surface owners, mineral owners, and lease operators; and an elaborate system of regulatory oversight by agencies of the executive branch. The West Virginia statutory plan affords all parties in interest an opportunity to be protected.

Given this analysis, the Court is of the opinion that certification of the proposed question is unnecessary. The Court believes that the expressions of the West Virginia Legislature, as applied to the circumstances now before this Court on this limited issue are abundantly clear and do not require the resolution of any conflicting statutory interpretations.

The Court believes that if the West Virginia Supreme Court of Appeals were faced with the question, it would adopt the majority view as a natural extension to its 1914 holding in *Coffindaffer v. Hope Natural Gas Co., supra,* particularly in light of today's deep well technology and in light of the current legislative scheme for oil and gas regulation. Accordingly, it is

ORDERED that Plaintiff's motion to certify a question to the West Virginia Supreme Court of Appeals is DENIED.