# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Alvra Adams Jr.,**
**Defendant Below, Petitioner**

**vs)  No. 13-1299** (Wayne County 13-C-134)

**Cabot Oil and Gas Corporation,**
**Plaintiff Below, Respondent**

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alvra Adams Jr., by counsel Gary Michels II, appeals the Circuit Court of Wayne County's "Order Granting Summary Judgment and Dismissal" entered November 27, 2013. Respondent Cabot Oil and Gas Corporation ("Cabot"), by counsel Timothy Miller, filed a response. On appeal, petitioner argues that the circuit court erred in granting summary judgment in favor of Cabot.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Cabot filed a complaint for declaratory judgment and injunctive relief on July 2, 2013, seeking an order declaring that it has the right to enter petitioner's land and "use the surface in any manner reasonably necessary to the use and development of the mineral estate . . . ." The complaint referred to a deed, dated December 23, 1932, that severed the oil and gas estate from the surface estate. Importantly, the complaint also referenced a lease agreement dated March 13, 1997, that granted Cabot the rights

> of exploring, drilling, and operating for and producing oil, liquid hydrocarbons, all gases and their respective constituents therof, injecting gas, waters, and other fluids and air into the subsurface strata, regardless of source, laying pipelines, storing oil, *building roads*, tanks, power stations, telephone lines and other structures and things thereon as are necessary, useful, or convenient to produce, save, take care of, treat, store, and transport said oil, hydrocarbons, all gases and other products manufactured therefrom . . . . (Emphasis added.)

On September 15, 1998, Cabot and petitioner executed a "Certificate of Consent and Easement" wherein Cabot paid petitioner $5000 as damages in advance of a proposed well site and access road that Cabot intended to construct. In addition, Cabot agreed to "maintain the well

1

access road . . . ." Several weeks later, Cabot obtained a well work permit from the West Virginia Department of Environmental Protection ("DEP") and began its operations. Sometime in 2008 or 2009, the original well access road slipped, and sometime thereafter, petitioner cut a new road to the well site.

In February of 2013, Cabot submitted plans to the DEP for the construction of a new access road and in March of 2013, with the DEP's approval, constructed a new access road to the well site located on petitioner's land. The following month, petitioner denied Cabot access to the new road and denied them entry onto his property. In July of 2013, Cabot filed a petition for declaratory judgment and injunctive relief.

By order entered on July 24, 2013, the circuit court granted Cabot a preliminary injunction enjoining petitioner from denying Cabot access to the well site and the new access road, and setting the matter for a final hearing. After considering the parties' arguments, the circuit court granted Cabot a permanent injunction against petitioner. Cabot filed a motion for summary judgment in October of 2013, to which petitioner filed a response. By order entered on November 27, 2013, the circuit court granted Cabot's motion for summary judgment with respect to the claim for declaratory judgment. The circuit court held that Cabot's 1997 oil and gas lease granted Cabot the "express right to produce the mineral estate and to build roads and other things which are necessary, useful or convenient to said production." Additionally, the circuit court relied on this Court's holding in syllabus point one of *Squires v. Lafferty*, 95 W.Va. 307, 121 S.E. 90 (1924), wherein this Court held that "[t]he owner of the mineral underlying land possesses, as incident to this ownership, the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate." It is from this order that petitioner now appeals.

On appeal, petitioner argues that the circuit court erred in granting Cabot's motion for summary judgment because it allegedly breached the September 15, 1998, "Certificate of Consent and Easement." "Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal." *Whitlow v. Bd. of Educ. of Kanawha Cnty.*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993). *See also Louk v. Cormier*, 218 W.Va. 81, 622 S.E.2d 788 (2005); *State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell*, 228 W.Va. 252, 719 S.E.2d 722 (2011). Given the fact that petitioner failed to assert a breach of contract claim before the circuit court, we will not consider it on appeal.

Next, petitioner argues that there is a genuine issue of material fact as to whether the new access road is reasonably necessary for the production of the mineral estate. In support of his position, petitioner argues the Cabot failed to produce any evidence that the original access road was unusable or that it could not be repaired. On appeal, we review a summary judgment order under a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment should be granted when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Syl. Pt. 2, *Id.*; Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Additionally, in Syllabus Point Three of *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995), this Court noted, "[a] circuit court's entry of a

declaratory judgment is reviewed *de novo*." We also note that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc*., 194 W.Va. 52, 60, 459 S.E.2d 329, 337 (1995).

Upon a review of the record, we find no error. It is clear that in 1997, Cabot became the leaseholder of the mineral rights for "the purposes of exploring, drilling, and operating for and producing oil, liquid hydrocarbons . . . building roads . . . and things thereon as are necessary . . . ." "A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretion [sic] but will be applied and enforced according to such intent." Syl. Pt. 1, *Cotiga Dev. Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962). Petitioner does not dispute that Cabot's lease grants it a right of way over and through the surface to reach the mineral rights. It is also undisputed that the original access road that Cabot used to access the well site slipped sometime in 2008 or 2009. Petitioner himself cut a new road. Further, Cabot submitted photographic evidence clearly showing that the original access road was impassible. Cabot also submitted an affidavit stating that it lost several months of production because its workers could not safely reach the well site because the original road collapsed. As a result, Cabot applied to the DEP to modify its permit to allow the construction of a new access road so that Cabot could continue using the well. This Court has held long that "[t]he owner of the mineral underlying land possesses, as incident to this ownership, the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate." Syl. Pt. 1, *Squires v. Lafferty*, 95 W.Va. 307, 121 S.E. 90 (1924). Therefore, under de novo review, this Court concludes that the circuit court did not err in granting Cabot's motion for summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3