No. 17-0126 – *Andrews, et al. v. Antero Resources Corporation and Hall Drilling, Inc.*

**FILED**
**June 10, 2019**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WALKER, Chief Justice, concurring:

I concur with the majority's decision to affirm the Mass Litigation Panel's grant of summary judgment to Respondents Antero Resources Corporation and Hall Drilling, Inc. I write separately, though, to emphasize what the majority opinion does not do. The Court does not decide whether Respondents' activities on Petitioners' surface estates created a nuisance. And, the Court does not answer the broader question of whether the owner of mineral rights underlying Surface Estate A may or may not create a nuisance on Surface Estate A to develop the minerals below Surface Estate B. The Court does not decide those issues because this particular case did not present the opportunity to do so.

Regarding the first issue, the Mass Litigation Panel relied upon principles of contract and property law to grant summary judgment to Respondents. That left undecided the question of whether Respondents' activities on Petitioners' surface estates created nuisance conditions. The Panel recognized this distinction and its implication. In its final order granting summary judgment to Respondents, the Panel stated that because the summary judgment ruling turned on "Antero's contractual and property rights," the Panel did "not address the issues to which common law private nuisance principles would be applied" and so did not reach a "conclusion regarding whether Antero's actions or its employees' or contractors' actions would 'otherwise meet the legal definition of a nuisance.'"

1

The Court will not decide "a nonjurisdictional question which has not been decided by the trial court in the first instance."[1] That is the case, here. Because the Panel decided Respondents' motions for summary judgment on principles of contract and property law, it did not decide whether Respondents' activities on Petitioners' surface estates created a nuisance, so the Court cannot, either.

Moreover, Petitioners did not challenge on appeal the Panel's decision to apply contract and property law, rather than principles of nuisance law, in deciding Respondents' motions for summary judgment. Instead, they argued that the Panel applied *the wrong* contract and property law. For example, in support of their first assignment of error,[2] Petitioners argued that a severance deed does not empower a mineral rights holder to extract natural gas using technology that the parties to the deed did not contemplate. That is a contract and property law argument. And, to the extent Petitioners would have the Court extrapolate the argument that the Panel should have applied nuisance law, not contract and property law, from Petitioners' second assignment of error,[3] the Court does

---

[1] Syl. Pt. 1, in part, *Sands v. Sec. Tr. Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958).

[2] Assignment of Error 1. The Panel erred in holding that a mineral severance deed grants the mineral owner the right to extract natural gas using methods uncontemplated when the deeds were executed, that are not necessary to the extraction of the minerals, and that substantially burden the surface owner.

[3] Assignment of Error 2. The Panel erred in concluding that an owner of mineral rights underlying a particular property has the right to create a nuisance on the surface of that tract to develop minerals underlying another property.

not consider on appeal "issues which are not raised, [or] those mentioned only in passing but [that] are not supported with pertinent authority . . . ."[4]

Finally, the Court does not resolve the second issue[5] because Petitioners did not timely raise it before the Panel. Two weeks after the Panel entered its final order granting Respondents' motions for summary judgment, Petitioners moved to alter or amend that order. In that motion, they presented the new legal argument that

> [Respondents] do not have the legal or contractual right to use the surface of [Petitioners'] properties, or to burden the same, through activities undertaken by [Respondents] to enjoy mineral estates beyond the boundaries of the leases encompassing [Petitioners'] properties. * * * Therefore, even if [Petitioners] are not able to bring nuisance claims related to [Respondents] activities in developing natural gas underlying their surface estate[s] [*sic*], which Plaintiffs' [*sic*] dispute, [Petitioners] should certainly be able to maintain the portions of their nuisance claims that related to [Respondents'] activities in developing natural gas underlying other properties, which comprise the vast majority of [Petitioners'] claims.

The Panel denied Petitioners' motion to alter or amend its final order because their new legal argument "could have been made by [Petitioners] during the extensive

---

[4] *Bluestem Brands, Inc. v. Shade*, 239 W. Va. 694, 702 n.6, 805 S.E.2d 805, 813 n.6 (2017) ("Furthermore, '[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.'") (quoting *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996)).

[5] That is, whether the owner of mineral rights underlying Surface Estate A may or may not create a nuisance on Surface Estate A to develop the minerals below Surface Estate B.

3

briefing and argument of dispositive motions, yet [Petitioners] chose not to make it. . . . [A]rgument or evidence that could and should have been presented cannot be raised for the first time in a Rule 59(e) motion."[6] For that reason, the Panel never ruled on the issue of whether the owner of minerals underlying Surface Estate A can create a nuisance on that surface to develop the minerals below Surface Estate B. Consequently, the Court cannot decide the question, either.[7]

        I respectfully concur with the Court.

---

[6] *Mey v. Pep Boys-Manny, Moe & Jack*, 228 W. Va. 48, 56, 717 S.E.2d 235, 243 (2011) ("A motion under Rule 59(e) is not appropriate for presenting new legal arguments, factual contentions, or claims that could have previously been argued.").

[7] *See Sands* at Syl. Pt. 1. *See also See State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell*, 228 W. Va. 252, 264–65, 719 S.E.2d 722, 734–35 (2011) (explaining that the Court does not decide nonjurisdictional questions not first decided by the lower court because the facts underlying the issue are undeveloped; the Court lacks a ruling by the lower court and, hence, its wisdom; and to do so would be manifestly unfair to the opposing party) (citing *Whitlow v. Board of Educ. of Kanawha Cty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993)).