(70 App. Div. 318.)

### SMITH v. MORSE.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

1. TRESPASSER OR LICENSEE—CUTTING TIMBER.

    Plaintiff sold land to third persons having no means; it being understood that they should cut and sell timber growing thereon, and, with the money obtained, make the prescribed payments. Afterwards they sold the timber growing on a portion of the lot to defendant, who began cutting the same. Thereafter the third persons surrendered their contract with plaintiff. *Held*, that the third persons, in cutting the timber prior to their surrender of their contract, were licensees, and, though the license was personal to them, they could nevertheless, while it remained unrevoked, employ defendant to cut timber, and therefore he was not a trespasser.

2. SAME—EVIDENCE—ADMISSIBILITY.

    In trespass for cutting timber, evidence that defendant acted in good faith, and with the knowledge and consent of plaintiff, is improperly rejected.

Appeal from trial term, Ulster county.

Action for trespass by Richard Smith against Charles N. Morse. Judgment for plaintiff, and defendant appeals. Reversed.

In December, 1895, the plaintiff entered into a contract in writing with McKnight & Rosecrans by which he agreed to sell and convey to them a wood lot of about 200 acres, for which they were to pay $1,200.—$600 to one Cantine, who held a mortgage to that amount upon the premises, and the remainder in various prescribed installments. McKnight & Rosecrans were without means, and it was understood between them and the plaintiff that they were to cut off and sell the timber growing on the lot, and, with the money obtained therefrom, make the payments required by the contract. McKnight & Rosecrans entered into possession and began cutting the timber. Of this the plaintiff had full knowledge, and even assisted them in the work. On the 11th day of April, 1896, McKnight & Rosecrans sold to the defendant the timber growing on a portion of the lot, to be thereafter cut by him, and also a quantity of timber already cut by them, and lying on the lot. Under this arrangement the defendant began cutting timber. The plaintiff knew that the defendant was cutting timber, and made no objection. In January, 1897, McKnight & Rosecrans, although they had kept the terms of their agreement with the plaintiff, surrendered their contract with him, and thereupon the plaintiff forbade the defendant to continue cutting. The defendant did, however, continue for a few days; and for this cutting, and for all the cutting by defendant under his agreement with McKnight & Rosecrans, this action is brought. The complaint alleges trespasses committed by defendant on various days from April 15, 1896, and particularly on certain named days from the 8th to the 16th of February, inclusive, and asks treble damages. The jury awarded $200 damages to plaintiff, and judgment was thereupon directed for $600, and entered accordingly.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, CHASE, and FURSMAN, JJ.

Howard Chipp, for appellant.
John E. Van Etten, for respondent.

FURSMAN, J. Although the contract between the plaintiff and McKnight & Rosecrans did not, in terms, authorize them to cut and sell the timber growing on the lot therein described, the evidence clearly established that the very intent and object of the agreement were that they should cut and sell the timber, and out of the proceeds pay the plaintiff the contract price. In furtherance of this object they immediately began to cut and sell the timber, with the full knowledge and consent of the plaintiff. In doing this they were not in any sense trespassers, but were cutting under a license from plaintiff. Assuming that this license was personal to them, they might, while it remained unrevoked, employ defendant to do the acts which they were thus authorized to do, so that until the surrender by them of the original contract, on the 31st of January, 1897, and the subsequent notice to defendant, he was clearly acting within his right, and was not in any sense a trespasser.

On the trial the plaintiff was permitted to prove the value of timber cut by defendant, not only after the surrender and notice, but also that cut by him while acting under the original contract between plaintiff and McKnight & Rosecrans; and, under the proof thus made, it is impossible to determine what injury the plaintiff suffered by reason of the acts of defendant committed after his relation to the par-

ties had been thus changed. Moreover, the learned trial court excluded all evidence offered by defendant tending to show that he acted in good faith, under a claim of right, and with the knowledge and consent of the plaintiff. This, we think, was error; for, had he been allowed to prove that the plaintiff at the time of the surrender agreed that he might continue cutting under his agreement with them, he would thereby have become a licensee of the plaintiff to that end, and no action could have been maintained against him for anything done by him while such license remained unrevoked. The jury were charged by the trial court that they were to determine whether the defendant acted in the belief that he owned the property, and were assured that, if he believed he had a right to do this, he could not be held for treble damages. No finding was made touching this question, but a general verdict of $200 was returned. As above suggested, it is impossible to determine from the evidence whether this verdict was based upon the acts of defendant after the license to cut had been revoked, or included, also, the cutting during the time the defendant was a licensee for that purpose; but the court nevertheless trebled the damages found by the jury, and directed a judgment for $600. This, also, we think was error.

For these reasons, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; PARKER, P. J., in result.