RANSOM WILSEY, Respondent, v. FRANK LOVELAND, Individually and as Administrator, etc., of ETHEL M. LOVELAND, Deceased, Appellant.

Third Department, November 14, 1917.

Real property — trespass for cutting timber — deed — description — reference to prior conveyance — presumptions — tenants in common — right to cut timber on lands so owned.

One B., the owner of the east half of a lot numbered 23, consisting of 244 acres, after conveying eight and one-half acres, triangular in shape, off the southeast corner, to one D., conveyed the remainder to M., who conveyed to J. W. an undivided one-half of the lands described in the deed from B., reserving " thirty acres off the east side of said lot," and later conveyed to B. W. " one equal undivided one-half of the easterly part of said lot number twenty-three, excepting twenty acres on the most easterly part of said lot which the said party of the first part has conveyed " to C. In an action for trespass for cutting timber, it appeared that the plaintiff acquired the right, title and interest of J. W. and of B. W.; that the defendant claimed under a deed from the heirs of M. which conveyed a strip of land 244 feet wide off from the easterly side of said lot containing a little less than twenty acres, and that all the timber except seventeen trees was cut upon twenty acres laid off along the easterly side of said lot from the northerly end thereof to the lot conveyed to D.

Held, that since there is no misdescription or improper designation of the thirty acres reserved in the deed to J. W., and since this requires the easterly boundary thereof to be the easterly boundary of the lot, and the northerly boundary of the reservation to be the northerly boundary of the lot, it must be assumed that the parties intended the parcel reserved to be rectangular, except so far as that form is broken by the eight and one-half acres conveyed to D. in the southeast corner of the lot, and that the thirty acres so located is of sufficient width to include the land upon which the alleged trespass was committed;

That the twenty acres reserved in the deed to B. W. also includes the strip of land conveyed to the defendants, as the deed from M. to C. is the one referred to in the conveyance to B. W.

Even it be assumed that the deed to B. W. did not refer to the deed from M. to C., and that the twenty acres therein reserved is located in the southeasterly part of the lot, as plaintiff contends, he would not be entitled to recover for timber cut within 244 feet of the easterly line of the lot. This, because M. remained the owner of at least an undivided one-half of the strip reserved in his deed to J. W., and the defendants having acquired his interest therein were tenants in common with the plaintiff at the time of the alleged trespass, and, therefore, had the same right to cut and remove the timber as the plaintiff.

The judgment in favor of the plaintiff should be modified by reducing the same to the value of the trees cut upon land west of the strip reserved.

APPEAL by the defendant, Frank Loveland, individually and as administrator, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 29th day of December, 1916, upon the decision of the court after a trial before the court without a jury, and also, as stated in the notice of appeal, from the decision pursuant to which the judgment was entered.

The judgment awarded plaintiff $217.96 damages and costs.

*Daniel F. Imrie* and *Robert Imrie*, for the appellant.

*James S. Kiley*, for the respondent.

SEWELL, J.:

The action was trespass for cutting timber. The facts in the case are shortly as follows: May 14, 1839, John Barnhart was the owner of the east half of lot No. 23, Hyde's patent, town of Athol, Warren county, N. Y., consisting of 244 acres, and on that day conveyed 8½ acres, triangular in shape, off the southeast corner to Chauncey Durrin. September 17, 1840, he conveyed the remainder, 236 acres, to John Mairs. In April, 1845, John Mairs conveyed to James Wilsey an undivided one-half of the lands described in the deed from Barnhart, reserving " thirty acres off the east side of said lot." On the 8th day of February, 1849, he conveyed to Benjamin Wilsey " one equal undivided one-half of the easterly part of said lot number twenty-three, excepting twenty acres on the most easterly part of said lot, which the said party of the first part has conveyed to Lucius Cotrel."

The plaintiff acquired the right, title and interest of James Wilsey and of Benjamin Wilsey. The defendant claims under a deed from the heirs of John Mairs, dated January 15, 1914, which conveyed a strip of land 244 feet wide off from the easterly side of lot 23, containing a little less than twenty acres of land. The court found that all of the timber, except seventeen trees, were cut upon twenty acres laid off along the easterly side of lot 23, from the northerly end thereof to the said Durrin lot. It is clear that the rights of the parties to the deed from Mairs to James Wilsey do not depend upon any extrinsic fact. There is no misdescription or improper designation of the thirty acres reserved therein. The description is perfectly intelligible. It is of a definite portion of lot 23 to be taken " off the east side of said lot." This requires the easterly boundary of the thirty acres to be the easterly boundary of the lot and the northerly boundary of the reservation to be the northerly boundary of the lot. With these sides thus fixed we must assume that the parties intended the parcel reserved to be rectangular, except so far as that form is broken by the eight and one-half acres conveyed to Durrin in the southeast corner of the lot. (*Van Der Bent v. Gilling,* 158 App. Div. 687.) It is obvious that thirty acres so located would be of sufficient width to include the land upon which the alleged trespass was committed.

It is equally certain that the twenty acres reserved in the deed from Mairs to Benjamin Wilsey also include the strip of land conveyed to the defendants. There can be no doubt of it if the deed from Mairs to Cottrell, put in evidence by the defendant, is the deed referred to in the conveyance to Wilsey. No other deed from Mairs to Cottrell was offered for inspection, nor the record of one, and no proof was offered tending to show that Mairs ever executed any other deed to Cottrell. The deed in question answers the description of the one referred to in every particular. It was found among the papers of John Mairs. The signature of Mairs was shown to be genuine, and that it was acknowledged February 8, 1849, the same day the Benjamin Wilsey deed was dated and acknowledged. We think that the circumstances proved were sufficient to establish beyond a reasonable doubt that the parties to the Benjamin Wilsey deed referred

First Department, November, 1917.          [Vol. 180.

to this instrument and intended to make the description therein a part of their deed.

Irrespective of this conclusion, if it be assumed that the deed to Benjamin Wilsey did not refer to this instrument and that the twenty acres therein reserved is located in the southeasterly part of the lot, as the plaintiff contends, the plaintiff would not be entitled to recover for timber cut within 244 feet of the easterly line of the lot.   This is apparent from the fact that Mairs remained the owner of at least an undivided one-half of the strip reserved in his deed to James Wilsey, and the defendant having acquired his interest therein was a tenant in common with the plaintiff at the time of the alleged trespass, and, therefore, had the same right to cut and remove the timber as the plaintiff.   It follows that the judgment should be modified by reducing the same to seventeen dollars, the value of the trees cut upon land west of the strip reserved, and as so modified affirmed, without costs.

Judgment modified by reducing the recovery to seventeen dollars, the value of the trees cut west of the strip reserved, and as so modified unanimously affirmed, without costs.