OPINION OF THE COURT
George F. Francis, J.
Defendant and third-party plaintiff Shawnee Operating *1001 Company (Shawnee) has moved for (1) summary judgment dismissing the plaintiff’s complaint on the ground that the alleged causes of action are without merit or (2) in the event that the plaintiffs complaint is not dismissed, summary judgment against third-party defendants Peter L. Mecca, Louis W. Mecca, Vito M. Mecca and Leonard P. Mecca, doing business as Mecca Farms (the Meccas) in the amount of any judgment that may be recovered by the plaintiff against Shawnee and for Shawnee’s costs and expenses, including reasonable attorney’s fees, incurred in defending the plaintiffs action, on the ground that any liability which Shawnee may have to the plaintiff is the result of Mecca’s breach of their warranty of title to Shawnee. As noted in its memorandum of law, Shawnee has consented to withdraw, without prejudice to renewal, that portion of its motion seeking summary judgment against the Meccas.
The Meccas, as third-party defendants, have joined with Shawnee in its motion for summary judgment dismissing the plaintiff’s complaint.
Asserting that there is no meritorious defense to the causes of action alleged in the complaint, the plaintiff has cross-moved for summary judgment against Shawnee on the issue of liability and for an immediate trial on the issue of damages.
Shawnee is engaged in the business of exploring for and producing natural gas. On June 1, 1981, Shawnee purchased by assignment recorded in the Erie County Clerk’s office on August 14, 1981 an oil and gas lease covering a parcel of approximately 90 acres owned by the Meccas in the Town of Brant. On September 18, 1981, the plaintiff and the Meccas entered into a land contract by which the plaintiff agreed to purchase approximately 10 of the 90' acres subject to the oil and gas lease which Shawnee acquired on June 1, 1981. The land contract, which provided that "all mineral rights, including oil and gas,” were reserved by the Meccas, was recorded in the Erie County Clerk’s office on October 12, 1982. After the sale of 10 acres to the plaintiff (the plaintiffs parcel), the Meccas retained the remaining 80 acres (the Mecca parcel) of the original 90-acre tract. Subsequent to the expiration of Shawnee’s oil and gas lease, the Meccas entered into another oil and gas lease with third-party defendant Ruel Energy, Inc. covering the same 90-acre tract, including the plaintiffs parcel. Recorded in the Erie County Clerk’s office on October 21, 1982, this lease was eventually assigned to Shawnee on March 14, 1983, and the assignment was recorded in the Erie County *1002 Clerk’s office on March 31, 1983. Under the terms of the lease, Shawnee, as assignee, acquired all the oil and gas under the 90-acre parcel together with "the exclusive right to explore for and operate for and produce oil and gas, lay and maintain pipelines, build tanks and roads, remove same and build other structures thereon necessary to produce, save and store all such substances.” The lease also contained a covenant by the Meccas, as lessors, reciting that they were seized of an indefeasible fee simple estate in the 90-acre parcel, together with all the oil and gas underlying the same, that they would forever warrant and defend the leasehold estate against the lawful claims and demands of all persons, and that the lessee would have exclusive, full, free and quiet possession of the premises for the purposes of the lease and during its term.
In December of 1982, Shawnee drilled a gas well on the Mecca parcel, and in January of 1983 a two-inch diameter underground pipeline was laid across the plaintiffs parcel in order to connect the well with a gas transmission line located outside the boundaries of the 90-acre tract originally owned by the Meccas. That portion of the pipeline located on the plaintiffs parcel was used to transport gas taken from the Mecca parcel exclusively, there being no oil or gas extracted from the plaintiffs parcel.
Claiming that Shawnee’s installation of the pipeline across his parcel without his consent has caused damage to the premises and interfered with his use and enjoyment of the land, the plaintiff has alleged two causes of action against Shawnee, one for trespass and the other for nuisance, and seeks money damages as well as removal of the pipeline and an injunction restraining Shawnee from entering upon his property.
In moving for summary judgment against the plaintiff, Shawnee argues that, as assignee of the oil and gas lease covering both the plaintiffs and the Mecca parcels, it had a right to disturb the surface of plaintiffs land to the extent reasonably necessary to extract gas from its leasehold and transport it to market.
In opposition to Shawnee’s motion and in support of his cross motion for summary judgment against Shawnee, the plaintiff does not allege that Shawnee’s placement of its pipeline and the consequent interference with the use and enjoyment of his land was unnecessary or unreasonable, but rather contends that, as a matter of law, Shawnee had no *1003 right to trespass upon or use his land for the purpose of installing a pipeline for the transmission of gas extracted from the Mecca parcel.
It is well settled in this jurisdiction and others- that the owner of rights to extract minerals from a parcel of land is entitled to use the surface of the parcel to the extent reasonably necessary to remove the minerals and the owner of the surface of the parcel has no right to restrict such reasonable and necessary use (see, Marvin v Brewster Iron Min. Co., 55 NY 538, mot for rearg or modification denied 56 NY 671; Adkins v United Fuel Gas Co., 134 W Va 719, 61 SE2d 633 [1950]).
Although the parties have cited no cases from this jurisdiction specifically addressing the question of whether a subdivided portion of a tract subject to an oil and gas lease may be used by the owner of such mineral rights to transport oil or gas by pipeline from another parcel within the tract, the issue was dealt with in Wall v Shell Oil Co. (209 Cal App 2d 504, 25 Cal Rptr 908 [Cal Dist Ct App 1962]), where, as here, the owner of a parcel subdivided from a larger tract subject to an oil and gas lease claimed that the use of his land to serve wells drilled on other parcels within the tract constituted a trespass. In Wall, the appellate court upheld the trial court’s decision that the owners of an oil and gas lease were entitled to use any portion of the land subject to the lease to effectuate their rights without regard to any subsequent divisions to the surface ownership, stating the applicable principles as follows:
"The true rule is that (1) where the owner of a parcel of land sells a portion thereof reserving or excepting the oil and mineral rights therein, or where a person purchases the oil and mineral rights in a specific tract of land, the surface area of such lands may be subjected only to such burdens as are reasonably necessary to the full enjoyment of the mineral estate in such particular specific parcels and the surface area may not be burdened by installations or surface fixtures designed to serve oil producing facilities located without the parcels; but (2) the owner of the surface area in the parcel following such sales or transfers may not by any subsequent subdivision of the surface area deprive the owner of the oil and mineral estate of his rights in the entire parcel.
"Further, each subsequent purchaser of a subdivision thereof, taking with notice of the prior sale and reservation of rights, takes knowing that his surface ownership may be *1004 burdened in part, and, in very rare cases perhaps, in its totality, by the reasonable exercise of the rights of the owner of the oil and mineral estate; and this without regard to whether or not the oil or mineral underlies the particular subdivision, or whether the facilities located thereon serve facilities located without the subdivision, so long as they do not lie beyond the original tract.” (209 Cal App 2d 504, 513, 25 Cal Rptr 908, 913, supra.)
"If a particular facility is necessary and convenient to the operations of the oil and mineral owner, it may be placed anywhere upon the surface area in which he has the right of user, so long as such placement is reasonable under prevailing conditions and even though such placement in particular instances may work a hardship on the surface owner.” (209 Cal App 2d 504, 517, 25 Cal Rptr 908, 915, supra.)
In the absence of any known authority in this jurisdiction to the contrary, I find the above-stated rules to be applicable to the case at bar and conclude that since the plaintiff purchased his 10-acre parcel with notice of the Meccas’ reservation of oil and gas rights, Shawnee, as assignee of such rights, was entitled to make reasonable use of the plaintiff’s land for the purpose of transporting gas extracted from the Mecca parcel (see also, King v South Penn Oil Co., 110 W Va 107, 157 SE 82 [1931]).
In the absence of any claim that Shawnee’s installation of the pipeline across the plaintiff’s land was unnecessary or unreasonable, it is the opinion of the court that there is no issue of fact requiring a trial and that, as a matter of law, the defense has been sufficiently established to warrant the granting of summary judgment in Shawnee’s favor against the plaintiff (CPLR 3212 [b]).
Shawnee’s and the Meccas’ motion for summary judgment against the plaintiff is granted.
The plaintiff’s cross motion for summary judgment against Shawnee is denied.