■ Garth T. Allen et al., Respondents, v Gouverneur Talc Company, Inc., Appellant. [668 NYS2d 755] —Crew III, J.

Appeal from an order of the Supreme Court (Demarest, J.), entered July 13, 1996 in St. Lawrence County, which denied defendant's motion for summary judgment dismissing the complaint.

In 1947, R. T. Vanderbilt Company, Inc. acquired the exclusive right to prospect, quarry, mine, remove and sell any and all talc located on a 50-acre parcel known as the "Dominion Lot" in the Town of Fowler, St. Lawrence County. In 1953, plaintiffs acquired, in fee, a 1.46-acre parcel located within the Dominion Lot subject to the mineral rights granted to Vanderbilt. Defendant is a wholly owned subsidiary of Vanderbilt engaged in talc mining on the Dominion Lot.

Prior to 1991, defendant used a "haul road" to gain access to the Dominion Lot from State Route 812. In 1991, the State Department of Transportation (hereinafter DOT) began reconstruction of Route 812, which required closure of the haul road. As a consequence, DOT appropriated certain of plaintiffs' land and constructed a new haul road for access by defendant to the reconstructed Route 812. In 1994, after the reconstruction of Route 812 was complete and the new haul road had been constructed, plaintiffs notified the State that a portion of the haul road had been constructed on property that had not been appropriated by the State.* Plaintiffs then erected a barrier across the haul road in order to prevent defendant from using it. Defendant removed the barrier and continued to use the haul road, resulting in the instant action by plaintiffs alleging trespass and seeking injunctive relief and money damages. Following joinder of issue, defendant moved for summary judgment. Supreme Court denied the motion and defendant appeals.

We reverse. Inasmuch as the facts here are uncontroverted, resolution of the case requires nothing more than application of the relevant law. It is axiomatic that a mineral estate in a tract of land carries with it the right to such access over the surface that may be reasonably necessary to carry on mining activities (*see, Genet v Delaware & Hudson Canal Co.*, 122 NY 505; *Marvin v Brewster Iron Min. Co.*, 55 NY 538; *see also*, 77 NY Jur 2d, Mines and Minerals, § 24). That being the case, we are of the view that a subsequent conveyance of a portion of the surface of a large tract of land wherein mineral rights previously have been conveyed cannot limit or restrict the use to be made of the surface of the subsequently conveyed portion of said tract by the grantee of the mineral estate. While there

---

* The State remedied this situation in July 1995 when it appropriated the remainder of plaintiffs' land over which the haul road had been constructed.

is but one reported case in this State regarding that precise issue (*see, Schlueter v Shawnee Operating Co.*, 141 Misc 2d 1000), such is the predominate rule in our sister States (*see, Wall v Shell Oil Co.*, 209 Cal App 2d 504, 25 Cal Rptr 908 [Cal Dist Ct App 1962]; *Richard v Sohio Petroleum Co.*, 234 La 804, 101 So 2d 676 [1958]; *Holt v Southwest Antioch Sand Unit*, 292 P2d 998 [Okla 1955]; *King v South Penn Oil Co.*, 110 W Va 107, 157 SE 82 [1931]).

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.