■ JOHN J. O'BRIEN, Appellant, v BRUCE GINTER, Respondent. [744 NYS2d 511] —In an action, inter alia, to recover damages for trespass and conversion, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered May 21, 2001, which denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A license to remove items such as minerals, crops, or timber from property is a complete defense to an action to recover damages for trespass (*see Allen v Gouverneur Talc Co.,* 247 AD2d 691, 692; *Smith v Morse,* 70 App Div 318, 320), conversion (*see Employers' Fire Ins. Co. v Cotten,* 245 NY 102), and pursuant to RPAPL 861. Moreover, it is well settled that "[i]n a tenancy-in-common, each cotenant has an equal right to possess and enjoy all or any portion of the property as if the sole owner" (*Myers v Bartholomew,* 91 NY2d 630, 632-633; *see Freigang v Freigang,* 256 AD2d 539, 540; *Gonzalez v Gonzalez,* 236 AD2d 589, 590). In that regard, each tenant has the right to harvest crops or mine minerals from the property, or to lease the property to third parties (*see Abbey v Wheeler,* 170 NY 122, 129; *Cosgriff v Dewey,* 164 NY 1; *LeBarron v House,* 122 NY 153; *Giglio v Giglio,* 46 AD2d 921; *Wilsey v Loveland,* 180 App Div 279, *amended* 181 App Div 916).

The plaintiff's verified complaint alleged that he and his former wife were and still are the owners of the relevant parcels. Given this concession, it is clear that the plaintiff's former wife had a right to enter into timber harvesting contracts. As the Supreme Court correctly noted, any dispute regarding the dis-

position of the proceeds of those contracts is a matter between the plaintiff and his former wife. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.