■ CECIL R. JAYNE, Appellant, v TALISMAN ENERGY USA, INC., Formerly Known as FORTUNA ENERGY INC., Respondent, et al., Defendant. [923 NYS2d 271]—

McCarthy, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered October 20, 2010 in Chemung County, which granted a motion by defendant Talisman Energy USA, Inc. to dismiss the complaint.

Plaintiff, his two brothers and his sister-in-law held title to a parcel of real property in the Town of Van Etten, Chemung County as tenants in common. In August 2000, without notifying plaintiff, one of plaintiff's brothers, Stanley Jayne, entered into an oil and gas lease for the property with defendant Potter-

McKean Resources, Inc. That lease was subsequently assigned to defendant Talisman Energy USA, Inc. (hereinafter defendant). Defendant obtained well permits to extract natural gas from an area containing the property at issue. In 2007, plaintiff executed a ratification agreement provided by defendant, as did his sister-in-law and his other brother, after which defendant compensated each of the cotenants for the natural gas that had been extracted from the land.

Plaintiff commenced this action pursuant to RPAPL article 15 seeking a determination that the ratification agreement he signed was null and void by virtue of defendant's failure to include a provision informing him of the right to cancel the agreement within three days, which plaintiff claimed was a violation of General Obligations Law § 5-333 (5). Supreme Court granted defendant's motion to dismiss the complaint, finding that the statute only applies to oil and gas leases and the ratification agreement did not qualify as a lease. Plaintiff appeals.

On this motion to dismiss, we liberally construe the complaint, accept the allegations as true and afford plaintiff every favorable inference (*see Trump on the Ocean, LLC v State of New York*, 79 AD3d 1325, 1326 [2010]). The issue here basically distills to the legal question of whether General Obligations Law § 5-333 (5) applies to the ratification agreement that plaintiff signed. That subdivision requires that all oil and gas leases entered into on or after January 1, 2006 contain the following language in bold type of at least 10-point font: "THIS IS A LEASE OF OIL AND GAS RIGHTS, NOT A SALE, CONTAINING TERMS THAT MAY BE NEGOTIATED BY YOU. YOU HAVE THE RIGHT TO CANCEL THIS LEASE WITHIN THREE BUSINESS DAYS AFTER EXECUTION OF THE LEASE BY NOTIFYING THE LESSEE THAT YOU HAVE CANCELED THIS CONTRACT. IN ORDER TO CANCEL THIS LEASE, YOU MUST EXECUTE A NOTICE OF CANCELLATION IN THE FORM PROVIDED BELOW, MAIL IT TO THE LESSEE AND REFUND ALL AMOUNTS PAID TO YOU BY THE LESSEE WITHIN THE THREE-DAY CANCELLATION PERIOD. THE MAILING MUST BE POSTMARKED WITHIN THE THREE-DAY CANCELLATION PERIOD TO BE EFFECTIVE." The ratification agreement at issue does not contain this language. If the language was not statutorily required, however, defendant was entitled to have the complaint dismissed for failure to state a cause of action.

A lease is defined as "[a] contract by which a rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration" (Black's Law Dictio-

nary 907 [8th ed 2004]). A ratification, on the other hand, is an " 'adoption of the acts of another by one for whom the other assumes to be acting, but without authority' " (*Rocky Point Props. v Sear-Brown Group*, 295 AD2d 911, 913 [2002], quoting *Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 232 [1982]; *see Lipman v Vebeliunas*, 39 AD3d 488, 490 [2007]). "The doctrine of ratification presupposes the existence of a contract" (*Leasing Serv. Corp. v Vita Italian Rest.*, 171 AD2d 926, 927 [1991]), as the ratification "relates back and supplies original authority to execute the conveyance" or agreement (*Holm v C.M.P. Sheet Metal*, 89 AD2d at 232; *see Matter of Rice v Novello*, 25 AD3d 992, 994 [2006]; *Rocky Point Props. v Sear-Brown Group*, 295 AD2d at 913).

The August 2000 oil and gas lease was valid. Stanley Jayne, as a tenant in common, had the right to lease the property or mine minerals from it (*see O'Brien v Ginter*, 296 AD2d 387, 387 [2002]; *see also LeBarron v Babcock*, 122 NY 153, 157-158 [1890]; *Wilsey v Loveland*, 180 App Div 279, 282 [1917], *amended* 181 App Div 916 [1917]). Plaintiff's interest in the property, as a cotenant, did not invalidate the lease, but merely created a potential dispute between him, Stanley Jayne and the other cotenants regarding the disposition of the proceeds of that lease (*see O'Brien v Ginter*, 296 AD2d at 387-388; *see also Abbey v Wheeler*, 170 NY 122, 129 [1902]). The ratification agreement resolved this dispute, at least going forward from the time of its execution, because defendant then began sending royalty payments to each cotenant.

The ratification agreement does not contain all of the terms of the August 2000 lease (or all of the terms that would normally be contained in any lease), but specifically refers to that lease, stating that plaintiff "does hereby let, lease, quit claim, ratify and confirm said oil and gas lease . . . as if [plaintiff] had been named therein as lessor and had duly executed and delivered said lease."* The plain language of General Obligations Law § 5-333 (5) addresses oil and gas leases, not all types of documents or agreements that may affect oil and gas rights. Thus, the ratification agreement, which merely confirmed a valid preexisting lease nunc pro tunc, was not required to include the notice provided for by that statute. As the statutory notice was not required, Supreme Court properly dismissed the complaint for failure to state a cause of action.

Peters, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Because the original lease was entered into before January 1, 2006, it was not required to—and did not—include the three-day cancellation notice (*see* General Obligations Law § 5-333 [5], [6]).